Schaefer v. The People.

---

## GEORGE SCHAEFER ET AL.

### v

## THE PEOPLE EX REL., ETC.

1.   SCHOOL DISTRICTS—CONSTRUCTION OF STATUTE.—The boundaries of the school district which was organized under a special act of the legislature of March 29, 1869, can not be changed by detaching a portion of such territory.

2.   QUO WARRANTO —OUSTER.—A *quo warranto* proceeding was insti-

tuted against the defendants,who had been acting as school directors of a district formed by deducting a portion of the above district. The court gave judgment of ouster and then followed a recital finding that said district was illegally formed; that the election and acts of defendants as directors were void. *Held*, that the recitals may be treated as surplusage and that the judgment of ouster was proper.

Appeal from the Circuit Court of Monroe county; the Hon. George W. Wall, Judge, presiding. Opinion filed November 24, 1886.

Mr. Spencer Tompkins, for appellants; that acts of *de facto* officers are not void, cited Trumbo v. People 75 Ill. 561 ; People v. Newberry, 87 Ill. 41.

When a doubt exists as to the powers granted by a special act, or as to its effect to limit the powers conferred upon others by a general law, that doubt must be solved against the special act : Minturn v. Griswold, 23 How. 435; 2 Am. Corp. Cases (Withrow), 283.

Mr. W. H. Horine and Mr. E. P. Slate, for appellee ; cited Fuller v. Heath, 89 Ill. 296 ; Broom's Legal Maxims, § 564 ; Sammis v. Clark, 13 Ill. 546.

Wilkin, P. J.     This was a *quo warranto* proceeding against appellants as acting school directors of District No. 7, T. 2, S., R. 10 W., Monroe county, Illinois. This district was formed by detaching a portion of District 3 in said town, which was organized under a special act of the legislature, dated March 29, 1869. To the petition a plea was filed which was demurred to by petitioners. On the hearing of this demurrer, it was agreed by parties " that the court should determine only the question of law, whether or not the trustees of schools were authorized by the constitution and laws of the State of Illinois to detach a portion of said District 3, and include the same in a new district, by them otherwise properly organized, and that on behalf of relators said special act, in relation to the Waterloo graded schools, should be considered by the court as properly before it." The first section of that act

organizes the territory of District 3, " together with such additions as may from time to time be made thereto by the action of boards of school trustees, special act of the legislature or otherwise," into a school district, the schools therein established to be known and designated as the Waterloo Graded Schools. See Private Laws, 1869, page 534, Vol. 3. The subsequent sections provide that the schools shall be under the exclusive control and management of a board of directors and define their powers. The court, in pursuance of the foregoing stipulation, sustained the demurrer to the plea and gave judgment of *ouster* against the defendants, finding them guilty of illegally and unlawfully introducing themselves into the office of school directors of said District No. 7. Then follows a recital, finding that said District No. 7 was illegally formed, etc., and that the election and acts of defendants as directors of District No. 7 are void. It is assumed by counsel for appellants that this amounts to an adjudication upon the acts of the defendants, and a judgment that they are void, and on that assumption it is argued that the acts of officers *de facto* are here declared void; and it is urged that in this there is such manifest error that the judgment must be reversed regardless of the merits of the case. This is a direct proceeding against persons charged with usurping, intruding into and unlawfully holding the office of school directors. If it should be held that there is sufficient color of office to constitute them officers *de facto*, in a proceeding collaterally questioning the validity of their acts, it does not follow that the judgment in this case is erroneous, as adjudging such acts void. While the judgment does not strictly conform to section 6, chapter 112, R. S., it does contain all that is there required in a judgment of ouster in a *quo warranto* proceeding, and the recitals objected to may be treated as mere surplus-age. It remains then to be determined whether, under the stipulation, " the trustees of schools were authorized by the constitution and laws of this State to detach a portion of said District No. 3, and include the same in a new district otherwise properly organized." That was the question submitted to the circuit court, and it is the only one properly before us.

It will be seen that the special act establishing District 3,

by its terms, does not authorize the board of trustees to detach territory therefrom, but it is insisted that by construction such power is given. There is no occasion for construction as we understand the act. By express terms, the legislature fixed the boundaries of the district. Those boundaries, by the provisions of the act, could only be changed by making additions thereto. To say that it was the intention of the legislature by special act to erect a school district, and establish such a graded school as is provided in the several sections of this act, and yet leave its territory liable to be diminished without limit, is unreasonable and in direct conflict with the language of the act. The legislature clearly intended that at least so much territory as is described in section one should be secured to the district for the support and maintenance of the schools provided for by the act. To give its language a different meaning is not to construe, but abrogate the statute. The positions that this special school district was abolished by the adoption of the present constitution, and that the act of 1872 gives the school trustees powers which they did not possess by the terms of the special act, are both untenable. We find no reason for interfering with the action of the court below, and its judgment will be affirmed.

Affirmed.