NORTON v. LAKESIDE SPECIAL SCHOOL DISTRICT.

Opinion delivered December 12, 1910.

1. SCHOOLS AND SCHOOL DISTRICTS—POWER OF LEGISLATURE.—The Legislature may create or abolish a school district, or change its boundaries at will, without consulting the wishes of persons residing in the territory affected.   (Page 73.)

2. SAME—RIGHT OF TRANSFER FROM ONE DISTRICT TO ANOTHER.—Kirby's Digest, § § 7639, 7640, providing that the county court may, upon petition, transfer children from one school district to another for educational purposes, and also the parents' district school tax, is intended solely for the benefit of the children in obtaining better school facilities, and the property of a person who has no children can not be transferred from one school district to another. (Page 74.)

3. SAME—FORM OF PETITION.—A petition to the county court asking that petitioner's district school tax be transferred from one school district to another should show that petitioner has children. (Page 75.)

4. SAME—SUFFICIENCY OF PETITION FOR TRANSFER.—While several property owners may unite in a petition to the county court asking that their district school tax be transferred from one school district to another, a general petition signed by a number of persons, stating that they are owners of land and fathers, without specifying who are the owners of land and who are the fathers, is demurrable. (Page 75.)

Appeal from Chicot Circuit Court; *James R. Yerger,* Special Judge; affirmed.

*J. R. Parker,* for appellant.

FRAUENTHAL, J. By an act passed April 24, 1905, the General Assembly of the State created a special school district in Chicot County, known as Lakeside School District, and this act was amended by an act of the Legislature approved May 31, 1909, (Acts 1905, p. 486; Acts 1909, p. 924). In these legislative enactments the territory comprising this special school district was specifically described. In January, 1910, sixty or seventy persons residing in said Lakeside School District filed a joint petition in the county court asking for an order transferring their children from that school district to an adjoining school district for educational purposes. In said petition they alleged that, before the passage of said acts of the Legislature creating said special school district, the land upon which they resided formed a part of the adjoining school district, and that the legislative enactments were passed without their knowledge or consent. It was also alleged that M. M. Norton, one of the petitioners, was the owner of a large body of land situated in the special school district upon which some thirty or forty children resided, and next to said adjoining school district; and that O. B. Crittenden & Co., another petitioner, was the lessee of a large tract of land in said special district upon which a number of children resided; and in the peti-

tion it was asked that these lands be transferred from said special school district to the adjoining school district, on the ground that the children residing on those tracts of land were unable to attend the school located in the special district on account of the distance and other physical inconveniences, and because it was more convenient to them to attend the school located in the adjoining district. In said petition it was also alleged that the petitioners were citizens and property owners, and the petition concluded with the prayer: "And we, the undersigned fathers and property owners, do hereby most respectfully petition this honorable court to transfer our children" from the special district to the adjoining district.

The petition does not state who of the petitioners are the fathers of children, nor does it give the name of any child, or whether any of said children was of the required school age. But it appears affirmatively from the petition that the two petitioners who are the owners of practically all the land upon which the children reside have no children, and it can not be said from said petition who of the other petitioners has or does not have children.

Upon application the county court permitted the Lakeside School District to be made a party to the proceeding in which the petition was filed, and it sustained a demurrer interposed thereto; and the action of the county court in sustaining said demurrer to the petition was approved by the circuit court upon appeal therefrom; and we are now asked to reverse that judgment.

It is alleged in the petition that the Lakeside School District was created by acts of the Legislature passed without the knowledge or consent of the petitioners; but this could not affect the validity of such enactments. A school district is the creature of the Legislature or of some governmental agency named by the Legislature. The Legislature is primarily vested with the power to create school districts, and it may create or abolish a school district, or change the boundaries of those established for any reason that may be satisfactory to it. The Legislature may do this without consulting and without obtaining the assent of those persons who reside in the territory affected. 35 Cyc. 833; *Attor-*

*ney General* v. *Lowrey*, 131 Mich. 639; *Garfield County School District* v. *Zediker*, 4 Okla. 599.

By section 7639 of Kirby's Digest it is provided: "The county court shall have power, upon the petition of any person residing in any particular school district, to transfer the children or wards of such persons, for educational purposes, to an adjoining district in the same county or to an adjoining district in an adjoining county; provided, said petitioner shall state under oath that the transfer is for school purposes alone."

By section 7640 of Kirby's Digest it is further provided that: "The directors of the district to which such children have been transferred at the time of taking the enumeration shall include such children in the district to which they have been transferred, and they shall not be enumerated in the district where they reside. The district school tax of such person shall be added to the school revenues of the district to which he has been transferred, and shall not be included in the school revenues of the district where he resides."

The above provisions of the statute are applicable to the common school districts of the county; and it is under and by virtue of these provisions that the petitioners herein seek the transfer of the children from Lakeside School District. We do not deem it necessary in this case to pass upon the question as to whether or not these statutory provisions are also applicable to special school districts created by the Legislature or established in cities and towns, because we do not think that the petition sets forth sufficient facts to warrant the court in making the order prayed for, if such provisions are applicable to this special school district.

The authority given to the county court to transfer children from one school district to another is solely for the benefit of the children in obtaining better school facilities; and persons who have no children cannot be transferred. The property that becomes transferred for school tax purposes is transferred as an incident to the transfer of the children, and the property of a person who has no children cannot under the above provisions of the statute be transferred from one school district to another. From the petition herein it appears that two of the petitioners who have no children own virtually all the land upon which

the children whom the petition seeks to transfer reside, and the petition asks that this land be transferred to the adjoining district for the school tax purposes. While it is not necessary for the court to make a specific order transferring the property, but the transfer of the property follows as a necessary incident to the transfer of the children, nevertheless the property of the above two petitioners could in no event be transferred. This only shows that it is requisite that the petition should specifically show that the petitioner seeking the transfer has children, for only such person can be transferred. Now, the proceeding instituted by the petitioners herein, while not an action, but rather a special proceeding, is regulated by the Code of Practice in the pleadings that should herein be made. In such special proceedings the pleadings should be and are liberally construed; but still the petition seeking the action of the court should set forth the facts that are requisite and necessary to base an order of the court upon.

In this proceeding the court is only warranted in making an order of transfer upon a petition being filed by a person having children. It is therefore essential that the petition should specifically show that fact. Ordinarily, in such a proceeding as this a separate petition should be filed by each person seeking such transfer; but we can see no reason why a joint petition cannot also be filed. But if a joint petition is filed by a number of persons seeking a transfer of children from one school district to another, then it is necessary that such petition should state specifically the name of each petitioner who has children. While the petition is filed jointly, the court would have to act on the application of each petitioner separately, because the children of such parent would have to be enumerated in the district to which the transfer is made. It might be that some of the persons would not be transferred. The petition filed herein does not state who of the petitioners has children. It is one general petition signed by a large number of persons, stating that they are owners of land and fathers; but it does not state who are the owners of the land and who are the fathers, and it does not therefore state facts sufficient to justify the court to make a transfer. The petitioners did not see fit to amend their petition upon the demurrer thereto being sustained, but have elected to stand thereon. We do not

think that the court erred in sustaining the demurrer to the petition, and the judgment is affirmed.