## SPECIAL SCHOOL DISTRICT No. 33 *v.* EUBANKS.

### Opinion delivered May 31, 1915.

SCHOOL DISTRICTS—TRANSFER OF CHILD FROM SPECIAL SCHOOL DISTRICT TO ADJOINING COMMON SCHOOL DISTRICT—AUTHORITY OF COUNTY COURT.— It is proper, under Kirby's Digest, § 7639, for the county court to transfer the child and property of a resident petitioner, for educational purposes alone, from the special school district in which the petitioner resided, to an adjoining common school district in the same county.

Appeal from Greene Circuit Court; *J. F. Gautney,* Judge; affirmed.

*Geo. A. Burr* and *R. E. L. Johnson,* for appellant.

1. No right of transfer exists, under our statutes, from a special to a common school district. Kirby's Digest, § 7639; *Ib.* § § 7607, 7668-7669; Acts 1909, 947; 102 Ark. 411; 60 *Id.* 124; 65 *Id.* 427; 97 *Id.* 71. The provisions for transfer apply only to common school districts. 120 Iowa, 119; 35 Cyc. p. 850, note and cases *supra.* There is no law authorizing such a transfer. Declaration No. 1, asked by appellant, should have been given. Kirby's Digest, § 7639, does not apply. 97 Ark. 71.

*Huddleston, Fuhr & Futrell,* for appellee, filed no brief.

KIRBY, J.  The sole question involved by this appeal is whether the county court has the power to transfer children from a single or special school district to an adjoining common school district.

The agreed statement of facts shows that appellee petitioned the county court of Greene County, to transfer his child and property for educational purposes alone,

from the Special School District No. 33, in which he resided, established under Act 321 of the Acts of the General Assembly of 1909, to an adjoining common school district in the same county, under the authority of section 7639 of Kirby's Digest, which was done.

The special school district appealed to the circuit court from the order granting the transfer, which likewise directed the transfer, and from its judgment this appeal is prosecuted.

Said section provides: "The county court shall have power, upon the petition of any person residing in any particular school district, to transfer the children or wards of such persons, for educational purposes, to an adjoining district in the same county, or to an adjoining district in an adjoining county; provided, said petitioner shall state under oath that the transfer is for school purposes alone, etc." This provision is a part of the act of December 7, 1875, and there is no other law providing for the transfer of children from one school district to another, and no provision of any kind relating thereto in the laws providing for the creation of single or special school districts and the regulation of public schools therein. It is insisted by appellant, therefore, that it was not contemplated that there should be a transfer of children to or from single or special school districts, but only from common school districts to adjoining common school districts, under the authority of said section 7639, which it is claimed has no application whatever to single or special school districts. Said section gives the county court power to make the transfer of children for educational purposes alone from any particular school district to an adjoining school district. Section 7695 of Kirby's Digest, a part of the act of February 4, 1869, for the establishment of single school districts in cities and towns, and the regulation of public schools therein, provides that the general school laws of the State, present and future, when not inapplicable and not inconsistent with and repugnant to the provisions of said act, shall apply to districts organized thereunder, and rural special school districts are governed by the same laws, as are said single school

districts in cities and towns, with the modifications provided in the act of May 31, 1909, as amended by act of April 7, 1911. Said provisions of law authorizing the transfer of the child or children of a resident of one school district to another and his school tax, as well, for educational purposes, is certainly not inconsistent with nor repugnant to any of the provisions of the law governing the organization of single or special school districts and the regulation of the schools therein. Neither do we see any reason for holding it inapplicable to such single and special school districts. There appears to be as much reason for the transfer of children to and from such districts as from common school districts since the transfers are generally made to subserve the convenience and benefit the children of those asking therefor, and the school tax on the transferrer's property goes along with the child or children transferred.

The State owes the same duty to educate all her children and provide the means therefor, regardless of whether they live in cities and towns or in the country, in single, in special, or in common school districts, and the fact alone, that the means and facilities provided for their education are generally better in single and special, than in common school districts furnishes no sufficient reason for preventing the transfer of children from one of such districts to an adjoining common school district wherein the schools might be more conveniently located and accessible to the children transferred. It is as essential that the educational means be available to the child, as that they be provided and the best schools maintained therefor; since no benefit or advantage can be derived from the best means and facilities that can be supplied, if beyond the reach of the particular child. The authority of the county court to make such transfer "is given solely for the benefit of the children in obtaining better school facilities," as said in *Norton v. Lakeside Special School District*, 97 Ark. 74. Notwithstanding it was said there that the provisions of that statute (sections 7639-40, Kirby's Digest) were applicable to the common school districts

of the county, it was also expressly said that it was not necessary to pass upon the question as to whether they were applicable to special school districts, or single school districts established in cities and towns.

The court did not err in refusing to declare the law as requested, that the county court was without power to make the transfer, and the judgment is affirmed.