## McELROY v. STEPHENS.

### Opinion delivered January 3, 1916.

SCHOOL DISTRICTS—DISSOLUTION OF COMMON SCHOOL DISTRICT—DISPOSITION OF TERRITORY.—A common school district may be dissolved and its territory attached to a special school district.

Appeal from Franklin Circuit Court, Ozark District; *Jas. Cochran*, Judge; affirmed.

*Robert J. White*, for appellant.

The law applicable to special school districts for cities and towns, authorizing the change of boundaries, section 7695, Kirby's Digest, does not apply to rural special school districts. The latter are provided for and governed by the act approved May 31, 1909, Acts 1909, p. 948, sections 2 and 3. Nowhere in this act does the law provide for changing the boundaries as in special districts for cities and towns, by express enactment or by necessary implication. 144 S. W. 226, 227.

The act, as to rural special school districts, had the effect of repealing the law authorizing the dissolution of one district and annexing to another. 171 S. W. 1197.

*T. A. Pettigrew*, for appellees.

Act 321 of the Acts of 1909 gives to rural special school districts the benefit of all laws pertaining to special districts in cities and towns not inconsistent with

and repugnant to the law creating special school districts; and section 7695, Kirby's Digest, is applicable to rural special school districts when organized. Acts 1909, p. 948, § § 1, 2, 3; 119 Ark. 117; 105 Ark. 47. Neither *Crow v. Special School District,* 102 Ark. 401, nor *School District No. 13 v. Oak Grove Special School District,* 102 Ark. 411, relied on by appellant, sustains his contention.

Smith, J. This cause was heard in the court below on an agreed statement of facts from which we copy the statement of facts herein made. This was a proceeding under section 7548 of Kirby's Digest to dissolve Common School District No. 86 and to annex its territory to Rural Special School District No. 10, except forty acres which the petition prayed should be annexed to Rural Special School District No. 39. Certain electors of District 39 made themselves parties to the proceeding in the county court, but opposed the grant of the prayer of said petition and have prosecuted successive appeals from adverse judgments both in the county and the circuit courts.

Appellants admit that all the proceedings are regular, that is, that the statutes under which petitioners proceeded were complied with; but it is insisted that those statutes do not authorize this proceeding.

Appellee states the question involved in this case as follows: Does section 7695 of Kirby's Digest apply to Rural Single School Districts created by Act No. 321 of the Acts of the General Assembly approved May 31, 1909, page 947?

That section reads as follows: "Sec. 7695. The provisions of the general school laws of the State which are now or may hereafter be in force, when not inapplicable, and so far as the same are not inconsistent with and repugnant to the provisions of this act, shall apply to districts organized under this act; and such provisions of said laws as are inconsistent with, and repugnant to, the provisions of this act, and inapplicable to districts organized thereunder, shall have no operation, force or

effect in such districts. The county court shall annex contiguous territory to single school districts, under the provisions of this act, when a majority of the legal voters of said territory and the board of directors of said single school district shall ask, by petition, that the same shall be done.''

A very similar question was involved in the recent case of *Special School District No. 33* v. *Eubanks,* 119 Ark. 117, 177 S. W. 900, in which case a petitioner had asked the transfer of his children from a single or special school district to an adjoining common school district. It was there insisted that the above-mentioned act of 1909 made no provision for the transfer of children from a special school district to an adjoining common school district and that, therefore, the provisions of section 7639 of Kirby's Digest, authorizing the transfer of children from one district to another, did not apply. It was held, however, that, under section 7695 of Kirby's Digest all the provisions of the school laws, not inconsistent with nor repugnant to the provisions of said Act 321, were applicable to school districts created under said act and that the county court had the power to make the transfer of the school children.

The more recent case of *Hughes* v. *Robuck,* 119 Ark. 592, 179 S. W. 163, is even more directly in point. That was a proceeding to dissolve a special school district under the same section of Kirby's Digest here proceeded under. That section reads as follows:

''Sec. 7548. The county courts of this State shall have power to dissolve any school district now established or which may hereafter be established in its county, and attach the territory thereof in whole or in part to an adjoining district or districts, whenever a majority of the electors residing in such district shall petition the court so to do.''

It was there contended that section 7548 of Kirby's Digest applied only to common school districts and that section 7695 of Kirby's Digest did not operate to extend

the provisions of said section 7548 to special school districts; but in answer to this argument it was there said:

"It is urged that the section quoted applies only to common school districts. But we see nothing in the act which justifies this construction. Its language is that the court shall have power to dissolve any school district now established, and in the face of this language we can not say that the Legislature intended this language to apply to districts of the one class and not to districts of the other. It is said in all the cases that the legislative control over the creation and boundaries of school districts is plenary, subject only, however, to the limitation that such action shall not impair the contracts or obligations of such districts."

Having held that section 7548 of Kirby's Digest authorizes the dissolution of a special school district and the consequent annexation of that territory to other districts, it follows, as a corollary, that a common school district may be dissolved and its territory attached to a special school district. The judgment of the court below will, therefore be affirmed.