ARKADELPHIA MILLING COMPANY *v.* CLARK COUNTY BOARD
OF EQUALIZATION.

Opinion delivered October 28, 1918.

1. TAXATION—COUNTY EQUALIZATION BOARD—APPEALS.—Acts 1911,
   c. 249, § 2, provides that any taxpayer, aggrieved by the action of
   the county board of equalization, may appeal from the action of the
   board to the county court; § 3, *Id.*, provides that any taxpayer
   objecting to the board's assessment of any other taxpayer may likewise
   appeal to that court; § 4, *Id.*, provides that all appeals from the order
   of the board of equalization to the October term of that court be
   heard before the fourth Wednesday in October. *Held* that § 4 applies
   to both classes of appeals.

2. CERTIORARI—DISCRETION OF COURT.—Certiorari is a writ of discre-
   tion, and not a writ of right, and is not to be employed when its em-
   ployment does an injustice and deprives one of a legal right which
   would have been established by the proceeding sought to be reviewed,
   had that proceeding been conducted in compliance with the strict
   forms of law.

3. SAME—WHEN RELIEF DENIED.—Where the county court adjourned
   before the county equalization board assessed appellant's property,
   so that appellants were unable to appeal to the county court for relief
   before the fourth Monday in October, and the county court at the
   January term following gave to the appellants the relief to which it
   would have been entitled at the October term, the judgment of the
   county court granting such relief will not be quashed on certiorari.

Appeal from Clark Circuit Court; *C. C. Hamby,*
Special Judge; reversed.

*McMillan & McMillan,* for appellant.

1. Act 249, p. 230, Acts 1911, was passed not to
repeal laws governing the procedure in cases where a
taxpayer is seeking equalization in the assessment of his
own proprty, but to provide a method of procedure by
which one taxpayer may prosecute his objections to the
assessment of another taxpayer. 94 Ark. 217. The act
was passed to amend Kirby's Dig., §'§ 7003, 7007, and
not to repeal, § 6999 as amended by Act 217, Acts 1911,
p. 188; 96 Ark. 92.

2. If the taxpayer files his application within the
time required, the provision as to when the application

shall be heard is directory. The rights of a taxpayer to appeal from the action of the Board of Equalization increasing his assessment is a matter of right. 34 Ark. 491; 113 *Id.* 138; 90 *Id.* 413, etc.

3. Appellant's application could not be heard by the quorum court before the fourth Wednesday of October, because the court was not in session before that date. Acts 1911, p. 188, § 1.

4. The levying court has no jurisdiction over the assessment or equalization of values for taxation. Art. 7, § 30, Const. and, § § 28-30; 32 Ark. 521-2; *Ib.* 497; 71 *Id.* 111; 98 *Id.* 493; 34 *Id.* 469; 58 Ala. 546-559; 45 Wash. 368, 370, 578.

5. Section 4, Act 249 is unconstitutional, depriving the taxpayer of his property without due process of law. Const. 1874, Art. 2, § 8; 49 Ark. 518-533; 115 U. S. 321. Overvaluation can not be corrected by certiorari or injunction. 49 Ark. 519-534.

*John H. Crawford* and *Dwight H. Crawford,* for appellee.

1. In certiorari proceedings the proper judgment was to quash the illegal orders of the county court or refuse the relief. The statute is mandatory. Sec. 4, Act 249, Acts 1911; Kirby's Dig., § 1315-16; 35 Ark. 96, 99; 39 *Id.* 347, 352; *Ib.* 426; 21 *Id.* 426; 30 *Id.* 17; 124 *Id.* 234-237; 5 R. C. L. 265.

2. Appellant's answers are not sufficient as against the demurrers interposed. 105 Ark. 450.

3. Act 249 requiring the taxpayer to seek a remedy prior to the fourth Wednesday in October is mandatory. 105 Ark. 450, 453; 94 *Id.* 217, 220; 113 *Id.* 138, 141.

SMITH, J. The Clark County Board of Equalization, on October 10, 1916, increased the amount of the personal assessments of the appellant, which, on the following day appealed from this action to the county court. The county court was not in session at any time from the fourth day of October until the first Monday in

January, 1917, but, upon convening, it heard appellant's appeal, and granted the relief prayed, by reducing the assessments. Thereafter, on the 16th day of January, 1917, the board of equalization filed in the circuit court a petition for a writ of certiorari to quash this order of the county court, and, upon the hearing of this petition, the order of the county court was quashed upon the ground that, "after the October term of said Clark County Court, that court was without jurisdiction to act upon the said application for a reduction of their taxes," and this appeal questions the correctness of that holding. The court below based its action on sections 2, 3 and 4, of Act No. 249 of the Acts of 1911, p. 230, which is an act entitled, "An Act to Amend Sections 7003 and 7007 of Kirby's Digest, and to provide the Manner of Appealing from the Orders of the County Board of Equalization to the County Court, and from the County Court to the Circuit Court."

Section 2 of this act amends section 7007 of Kirby's Digest to read that the board of equalization shall have power to exercise its functions as a board in the equalization of property until the fourth Wednesday in October. It further provides that it (the board) shall not raise the assessment of the property of any taxpayer after the second Wednesday in October until such tax payer or his agent has had due notice, and has been given an opportunity to be heard. And further that "such tax payer may, if he is aggrieved by the action of the board, appeal within the time provided by law to the county court."

Section 3 provides that any taxpayer may file before the board objection to the assessment of any other taxpayer, and from the decision of the board with respect to such assessment the objecting taxpayer may appeal to the county court, and from the final order of the county court he may appeal to the circuit court, and thence to the Supreme Court, and that such appeals shall be prosecuted in the name of the State of Arkansas on the relation of the objecting taxpayer.

Section 4 is as follows: "All appeals taken from the order of the board of equalization shall be taken to the October term of the county court, and such appeals, even if taken after the regular October term of the county court has convened, shall be heard and passed upon by said court before the fourth Wednesday in October."

It is earnestly insisted by counsel for appellant that section 4 relates only to the appeals provided for in section 3, and not to appeals prosecuted from the action of the board taken under the provisions of section 2. In support of this position, it is pointed out that otherwise the equalization board might raise assessments until and including the fourth Wednesday in October, which is the last day on which the county court could hear appeals, and that the fourth Wednesday of October is also the day on which, under the provisions of Act 217 of the Acts of 1911, page 188, the county judge, with a majority of the justices of the peace, meet as a court for the levying of taxes and making appropriations for the expenses of the county.

It is unquestionably possible that the fourth Wednesday in October might prove to be a very busy day for the county judge, but it is provided in section 2 of the Act 249 of the Acts of 1911 that the equalization board shall meet on the first Monday in September, and it was undoubtedly contemplated by the Legislature that the duties of the board would be discharged in the usual course of events in time for appeals to be taken and to be heard in the county court on or before the fourth Wednesday in October. The statute provides for four terms of the county court in each county, one of which is to be held, except only in the case of a few counties where a different day is fixed by law, on the first Monday in October, so that a period of about three weeks existed, during which these appeals could ordinarily be heard.

It is true we have here the case of the county court adjourning for the term while the equalization board was still in session, but this occurrence, or the possibility

of similar occurrences in other counties, can not be taken into account in construing the provisions of an unambiguous statute. An aggrieved taxpayer would not necessarily be deprived of his right of redress because of the erroneous action of the county court in adjourning finally for the October term before the eqalization board had completed its labors. By mandamus, or other appropriate remedy, he might secure the day in court which the law contemplates he shall have.

While it is true that the courts of common law and of equity are powerless to give relief against erroneous judgments of assessing bodies, except as they are especially empowered by law so to do (*State* v. *Little,* 94 Ark 220) still, the taxpayer in this proceeding who obtained relief at a time other than that contemplated by the statutes is not asking here any affirmative relief. The case arises out of a petition for certiorari to quash a judgment granting relief, which, so far as the record before us discloses, was appropriate and proper, but which is questioned because it was not accorded at a particular term of the court.

Certiorari is a writ of discretion, and not a writ of right, and is not a proceeding to be employed when its employment does an injustice and deprives one of a legal right which would have been established by the proceeding sought to be reviewed, had that proceeding been conducted in compliance with the strict forms of law.

If the taxpayer were asking affirmative relief, he might be met with the answer that he could have had relief had he pursued with diligence the remedies afforded by the law, and that he will not be given relief when he has failed so to do. But it does not follow, because this is true, that a writ of discretion should issue which operates to deprive him of the relief he would have obtained had he been diligent. *Johnson* v. *West,* 89 Ark. 604; *Rust* v. *Kocourek,* 130 Ark. 39.

We are of the opinion, therefore, that the writ of certiorari in this case should not have issued, and the

judgment of the court below will be reversed, and the case remanded with directions to quash it.