STEPHENS v. HUMPHREY.

Opinion delivered September 27, 1920.

1. SCHOOLS AND SCHOOL DISTRICTS—EFFECT OF TRANSFER OF CHILDREN.—Under Kirby's Digest, § 7639, empowering the county court to transfer children from one school district to another, the district from which a transfer of children has been made no longer has any jurisdiction over the children so transferred.

2. SCHOOLS AND SCHOOL DISTRICTS—COLLATERAL ATTACK ON ORDER OF TRANSFER.—Where a resident of a school district procured a transfer of his child to an adjoining district under Kirby's Digest, § 7639, in a mandamus proceeding to compel the admission of such child to the latter district the school directors can not collaterally question the propriety of the order of transfer by asserting that the transfer was secured to enable the child to evade punishment in the district from which he was transferred.

3. SCHOOLS AND SCHOOL DISTRICTS — CONDITION OF ADMISSION TO SCHOOL.—Where a child was transferred from one school district to another, the authorities of the latter can not require, as a condition of his admission to the school, that he should first atone for past offenses committed against the district from which he was transferred.

4. SCHOOLS AND SCHOOL DISTRICTS—EXCLUSION OF CHILD FOR PREVIOUS MISCONDUCT.—Under Kirby's Digest, § 7637, authorizing suspension of any pupil "for gross immorality, refractory conduct or insubordination," and in view of Acts 1917, p. 1509, imposing a penalty on parents for failure to send their children to school,

*held,* that a child transferred from one district to another can not be excluded for past conduct in violation of the rules of the school from which he was transferred.

5.  MANDAMUS—ADMISSION OF PUPIL TO SCHOOL.—Though the issuance of a writ of mandamus is discretionary, yet where a child is improperly excluded from a public school, there being no other remedy, the court abused its discretion in denying the writ.

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; reversed.

*Lake & Lake,* for appellant.

The mandamus should have been granted. The directors had no right to refuse admission to the public school, to pupils properly transferred, for an infraction of the rules of the district from which they were transferred. Kirby's Digest, §§ 7637 etc.; 35 Cyc. 1141-2; 31 Neb. 552; 63 Wis. 234; 24 Mo. App. 309; 116 Ind. 11; 9 Am. St. 820; 69 Ark. 202; 89 *Id.* 254.

*Abe Collins,* for appellees.

1.  It was within the sound discretion of the court to grant or withhold the writ. No abuse of discretion is shown. High, Ext. Rem., § 9; 13 Peters 404; 1 Ark. 11; 95 *Id.* 118; 6 *Id.* 9; *Ib.* 437; 8 *Id.* 424; 122 *Id.* 337; 18 R. C. L. 53, 137-152; 192 S. W. 174; 21 Ark. 329.

2.  The action of the directors is not reviewable in this court. Kirby's Digest, § 7637; 94 Ark. 422; Const. 1874, art. 14, § 1.

WOOD, J. W. E. Stephens, a citizen and taxpayer of Sevier County, Arkansas, had two sons, Wiley and Louis. Wiley was fourteen years old and Louis eleven. The boys were attending school in Common School District No. 10. Their teacher was Miss Florence House. Wiley had a fight with another boy in the school. The teacher punished the other boy and undertook to administer the same punishment to Wiley Stephens for his part in the fight. Wiley said, "I can't take any punishment." The teacher asked him why, and he replied, "I just can't take it because papa told me not to," and he said further, "I won't take anything off of this school if I have to cut my

damned way through." At the time he made this remark he had an open knife in his hand. The teacher then told him to take his books and go home. The father remonstrated with the teacher, and she informed him that his boy, Wiley, could return to school if he agreed to take the punishment.

This occurred in the latter part of October, 1919. About the first of November, 1919, the county court of Sevier County entered an order transferring Wiley Stephens, Sr., for school purposes from School District No. 10 to School District No. 53. Thereafter Wiley, Jr., and Louis applied for admission to the school in District No. 53. The teacher, acting under the direction of the board of directors of School District No. 53, refused to allow Wiley to attend school. The reason assigned was that it would not be right to admit him until he had brought a "clear transport" from the other school. The teacher in School District No. 53 informed the elder Stephens that he would admit his boy, Wiley, "if he would take his punishment," but that he would not admit him unless he got orders from the board of directors to do so.

On the 17th of December, 1919, the appellant filed a petition for a writ of mandamus in the circuit court of Sevier County against Oscar Humphrey, the teacher in School District No. 53, and I. W. Slaton, J. A. Millender and J. A. Johnson, directors of that district, to compel them to admit his sons to the school in that district. On December 20, 1919, the directors of District No. 53 adopted a resolution which recites in part as follows:

"Whereas, we have been requested by Oscar Humphrey, the teacher of our school, to suspend from said school W. E. Stephens, Jr., for the current term, or until such time as he shall return to the school now being taught in district No. 10 and submit to the punishment that the teacher of said school may see fit to impose upon him for certain acts of insubordination and certain infraction of the rules of said school committed by him while attending said school; and,

"Whereas, we have already made personal investigation of the facts stated in letter and find said facts to be true.

"Now, therefore, be it resolved, that W. E. Stephens, Jr., be and he is hereby suspended from the public schools being taught in said district for the remainder of the current term or until such time as he shall return to the school in district No. 10 and submit to the punishment which the teacher of said school may see fit to impose upon him for the said acts of insubordination and the said infraction of the rules of said school committed by him while attending said school; to the end that the discipline of our own school may be upheld and maintained, and that we may not uphold him in any such course of conduct."

The above are substantially the facts developed at the hearing of the application for the writ of mandamus. The court entered a judgment refusing the writ and dismissing the petition, from which judgment is this appeal.

Section 7639 of Kirby's Digest provides: "The county court shall have power, upon the petition of any person residing in any particular school district, to transfer the children or wards of such persons, for educational purposes, to a district in the same county or to an adjoining district in an adjoining county, provided said petitioner shall state under oath that the transfer is for school purposes alone." The authority conferred upon the county court by the above statute is to be exercised solely for the benefit of the children of those asking that the transfer be made in order to enable them to obtain the best possible facilities under our public free school system. *Norton* v. *Lakeside Special School District.* 97 Ark. 71-74; *Special School District No. 33* v. *Eubanks,* 119 Ark. 117-119.

After the judgment of the county court was rendered transferring the children of appellant to School District No. 53, the teacher of the school in district No. 10, which Wiley Stephens, Jr., formerly attended, had no further jurisdiction over him. From that time on

for free school purposes he was under the jurisdiction and authority of the teacher and directors of district No. 53. He was subject to enumeration in the latter district and none other. After the transfer, the district school tax, for which appellant was liable, was a part of the revenues of district No. 53 and not of district No. 10, in which district he resided. Section 7640, Kirby's Digest; *Norton* v. *Lakeside Special School District, supra.*

It is alleged by appellees in response to the petition for mandamus, and the suggestion is made in the brief of their learned counsel, that the appellant sought and had the transfer made from district No. 10, in which his residence was only one mile from the schoolhouse, to district No. 53, in which his residence was more than three miles from the schoolhouse; and that the purpose of the appellant in procuring the transfer was to enable his son, Wiley, to escape the punishment which he would have received if he remained a pupil of the school in district No. 10. The appellees did not challenge the judgment of the county court by direct attack, and they can not challenge the same collaterally in this proceeding. Every presumption must be indulged in favor of the judgment of that court making the transfer. That judgment, transferring the children of the appellant to School District No. 53, placed them entirely beyond the jurisdiction or authority of the teacher or the board of directors of district No. 10 to discipline for an infraction of the rules of the school in that district. The judgment of transfer placed Wiley Stephens, Jr., within the jurisdiction of district No. 53, and as a pupil of the school in that district his conduct affecting the discipline of that school was subject to the authority of its teacher and the board of directors of that district. But neither the teacher, nor the board of the latter district, nor both combined, had authority to prescribe as a condition precedent to his right to enter the school in that district, or to remain therein as a pupil, that he should first atone for past offenses committed against some other district. *Ex post facto* rules and laws are contrary to the letter

of our Constitution as well as the genius of our institutions.

Section 7637 of Kirby's Digest provides that the directors "of any school district may, at the instance of the teacher, suspend from the school any pupil for gross immorality, refractory conduct, or insubordination." This section necessarily refers to "gross immorality, refractory conduct, or insubordination," which exists or occurs while the pupil is a member of the particular school over which the directors have jurisdiction, and not for past conduct in violation of the rules of another school over which they have no jurisdiction. The judgment of transfer entitled Wiley Stephens, Jr., to enter the school in district No. 53, and under act No. 294 of the Acts of 1917, volume 2, page 1509, if appellant failed to send his children to school, as required by that statute, he was guilty of a misdemeanor and subject to the penalties therein prescribed.

The power given the county court to transfer under section 7639 of Kirby's Digest is a discretionary one to be exercised under the facts presented in any particular case for the benefit of the children. The allegations of the appellees in response to the application for the writ, and the argument made by their counsel showing that young Stephens had violated the rules and that he should undergo punishment for his recalcitrance in order to insure the discipline of the school, might well have been addressed to the county court as a cogent reason against the transfer of these children to School District No. 53. While it is undoubtedly true that the appellees were acting in good faith to enforce what they believed to be that wholesome discipline, so essential to the success of any school, nevertheless they had no legal authority to prevent, in the first place, any qualified pupil from entering the schools under their jurisdiction, nor, in the second place, to punish such pupils for offenses committed before they entered such schools. The appellant, therefore, in asking for a writ of mandamus to compel the appellees to admit his sons in School District No. 53

was strictly within his legal rights, and the appellees had no discretion in the matter.

Mandamus is not a writ of right, and its issuance is within the discretion of the court. Nevertheless, where the party seeking it has a specific legal right and no other specific legal remedy for the enforcement of such right, he is entitled to the writ. Where such is the case, the court abuses its discretion if it refuses to grant the relief sought. It follows that the judgment dismissing appellant's petition and refusing the writ is erroneous, and the same is, therefore, reversed and the cause is remanded with directions to issue the writ.