School District No. 25 v. Pyatt Special School
District.

Opinion delivered January 17, 1927.

1. Schools and school districts—creation by legislature.—The
   Legislature has power to organize school districts, and may do so
   without the consent of the inhabitants of the district.

2. Schools and school districts—creation by special act—
   change of boundaries.—Where a special act of the Legislature
   created a certain school district, the county board of education
   could not change its boundaries.

Appeal from Marion Circuit Court; *J. M. Shinn,*
Judge; affirmed.

*Floyd & Floyd,* for appellant.

*Elmer Owens,* for appellee.

Mehaffy, J.   The appellants filed a petition with the
county board of education in Marion County, Arkansas,
stating that District No. 25 was organized under the laws
of the State, embracing certain territory; that, in the
year 1923, the Legislature created a school district known
as the Pyatt Special School District in Marion County,
and that a portion of the territory of the school district
created by act of the Legislature was taken from District
No. 25, and the petition asked that that territory be
restored.   Special school district filed a demurrer, and
the county board of education sustained the demurrer on
the ground that it had no jurisdiction.

The only question to be determined is whether the
county board of education can change the boundary line
of a district created by special act of the Legislature.
This court has several times held that a school district is
the creature of the Legislature, or of some governmental
agency named by the Legislature.   This court has said:
"The Legislature is primarily vested with the power to
create school districts, and it may create or abolish a
school district, or change the boundaries of those estab-
lished, for any reason that may be satisfactory to it.   The
Legislature may do this without consulting and without
obtaining the assent of those persons who reside in the

territory affected." *Norton* v. *Lakeside Special School District,* 97 Ark. 71, 133 S. W. 184.

The court also said in the same case: "The above provisions of the statute are applicable to the common school districts of the county, and it is under and by virtue of these provisions that the petitioners herein seek the transfer of the children from Lakeside School District. We do not deem it necessary in this case to pass upon the question as to whether or not these statutory provisions are also applicable to special school districts created by the Legislature or established in cities and towns, because we do not think that the petition sets forth sufficient facts to warrant the court in making the order prayed for, if such petitions are applicable to this special school district."

The court, in the case quoted from, does not decide the question now before this court.

This court again, in speaking of the power of the Legislature with reference to school districts, said: "The legislative power in these respects is full and complete, and is conferred by the provisions of the Constitution. This power of the Legislature has been recognized many times by the court in determining questions relating to the formation of school districts and the changing of the boundaries of districts already created." *Special School District No. 2* v. *Special School District of Texarkana,* 111 Ark. 379, 163 S. W. 1164.

In *McIlroy* v. *Stephens,* 121 Ark. 591, 181 S. W. 887, the court said, in referring to an act of the Legislature: "The act as to rural special school districts had the effect of repealing the law authorizing the dissolution of one district and annexing to another."

Again, it has been said repeatedly that, in all cases, the legislative control over the creation and boundaries of school districts is plenary, subject only, however, to the limitation that such action shall not impair the contracts or obligations of such districts.

The Legislature has full power, it may organize a district itself, and may do so without the consent of the

inhabitants of the district, or it may authorize the county court or board of education or other governmental agency to form districts and change boundary lines; but, when the Legislature itself creates a district, of course it cannot be said that it authorizes any governmental agency to change the boundaries of a district so created, and neither the county board of education nor any other agency would have authority to change the boundaries of a school district created by the Legislature, unless the Legislature expressly authorized such agency to do so.

In a case in Illinois where it was sought to detach a portion of a district organized under special act of the Legislature, the court said: "On hearing this demurrer, it was agreed by parties that the court should determine only the question of law, whether or not the trustees of schools were authorized by the Constitution and laws of the State of Illinois to detach a portion of said District No. 3 and include the same in a new district, by them otherwise properly organized, and that, on behalf of relators, said special act in relation to the Waterloo graded schools should be considered by the court as properly before it. The first section of that act organizes the territory of District No. 3, together with such additions as may, from time to time, be made thereto by the action of boards of school trustees, special act of the Legislature, or otherwise, into a school district, the schools therein established to be known and designated as the Waterloo graded schools. The subsequent sections provided that the schools shall be under the exclusive control and management of a board of directors, and defined their powers. The court, in pursuance to the foregoing stipulation, sustained the demurrer to the plea, and gave judgment of ouster to the defendants," etc.

The court further said, in the same case: "It will be seen that the special act established District No. 3 by its terms, and does not authorize the board of trustees to detach territory therefrom, but it is insisted that, by construction, such power is given. There is no occasion for construction, as we understand the act. By express

terms the Legislature fixed the boundaries of the district. Those boundaries, by the provisions of the act, could only be changed by making additions thereto. To say that it was the intention of the Legislature by special act to erect a school district and establish such a graded school as is provided in the several sections of this act, and yet leave its territory liable to be diminished without limit, is unreasonable and in direct conflict with the language of the act. The Legislature clearly intended that at least so much territory as is described in § 1 should be secured to the district for the support and maintenance of the schools provided for by the act. To give this language a different meaning is not to construe, but to abrogate, the statute." *Schaefer* v. *People,* 20 Ill. App. 605.

The special act of the Legislature creating Pyatt Special School District not only fixes the boundary but takes the very territory from District No. 25 which District No. 25 now seeks to detach from Pyatt Special School District. In other words, they seek to have the county board of education abrogate the law creating the special school district. The sections of the Digest referred to, authorizing the county board of education to change the boundary lines of districts, do not authorize such board to change the boundary lines of a district created by special act of the Legislature. The act creating Pyatt Special School District does not authorize the board of education or any other agency to change the boundaries; it expressly repeals all laws in conflict therewith.

The judgment of the circuit court was therefore correct, and is affirmed.