PARK *v.* RURAL SPECIAL SCHOOL DISTRICT No. 26.

Opinion delivered April 4, 1927.

1. CERTIORARI—DISCRETION TO ISSUE.—The writ of certiorari is not a writ of right, but is a writ of discretion.

2. CERTIORARI—FUNCTION OF WRIT.—The writ of certiorari will lie to review the action of the county board of education.

3. CERTIORARI—WHEN WRIT DENIED.—Where the action of a board or tribunal sought to be reviewed by certiorari is correct, the circuit court must deny the writ, since it would be required to refuse to quash such action when brought before it.

4. SCHOOLS—AUTHORITY OF COUNTY BOARD OF EDUCATION.—Acts 1925, page 876, creating Rural Special School District No. 26 of Lonoke County, did not authorize the county board of education, nor was it otherwise authorized, to change the boundaries of such district or to dissolve the district.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; affirmed.

*Reed & Beard,* for appellant.

*Chas. A. Walls,* for appellee.

McHANEY, J. Rural Special School District No. 26 of Lonoke County, Arkansas, was created by a special act of the Legislature, same being act No. 291 of the Acts of 1925, page 876, approved March 27, 1925.

On November 2, 1925, appellant, J. I. Park and 123 other electors within the boundaries of said district, filed in the Lonoke Circuit Court their petition for a writ of certiorari to the county board of education of Lonoke County, Arkansas, in which they alleged that the petitioners had, after giving the notice required by law, petitioned the county board of education to dissolve said appellee district, under the provisions of § § 8869 *et seq.*

of Crawford & Moses' Digest; that their petition had been dismissed without a hearing on the merits, and under an erroneous construction of law that it had no jurisdiction to try said cause; that no appeal would lie from said order of dismissal; and they prayed that a writ of certiorari issue to the Lonoke County Board of Education, directing it to send up a transcript of its proceedings therein for review by the circuit court, that the judgment of said board be quashed, and that it be directed to hear and determine their petition as provided by law.

Appellees responded to said petition, and denied that the board of education had dismissed appellant's petition under erroneous construction of law, but that said petition was dismissed on the ground that Rural Special School District No. 26 of Lonoke County was created by the Legislature under the special act above mentioned, and that the action of the Legislature in fixing the boundaries of said district was conclusive, final and binding on the board.

The court heard said petition for writ of certiorari, and, in denying same, said: "That the application for writ of certiorari should be denied and the petition filed herein should be dismissed, because it appears that the county board of education did not act illegally in dismissing the petition asking for a dissolution of Rural Special School District No. 26 of Lonoke County, Arkansas."

From the judgment of dismissal in the circuit court appellants have prosecuted this appeal.

This court has many times held that the writ of certiorari is not a writ of right, but is a writ of discretion. *Arkadelphia Milling Co.* v. *Clark County Board of Equalization*, 136 Ark. 180, 206 S. W. 70. It will lie to review the action of a county board of education. *Mitchell* v. *Directors of School Dist. No. 13,* 153 Ark. 50, 239 S. W. 371.

"Certiorari will not lie to correct a purely ministerial act, even though the performance of the act involves discretion." *Patterson* v. *Adcock,* 157 Ark. 186, 248 S. W. 904.

When it appears to the circuit court, on a petition for certiorari, that the action of the board or tribunal which he is called upon to review is correct, it is the duty of the court to deny the writ, for the reason that it would be required, under the law, to refuse to quash such action, since it was right to begin with.

We think the action of the circuit court was right in refusing to grant the writ, as, in our judgment, this case is ruled by the recent case of *School District No. 25* v. *Pyatt Special School District,* 172 Ark. 605, where the question for determination was whether the county board of education could change the boundary lines of a district created by a special act of the Legislature, and this court, in holding that it could not, used this language:

"The Legislature has full power, it may organize a district itself, and may do so without the consent of the inhabitants of the district, or it may authorize the county court or board of education or other governmental agency to form districts and change boundary lines; but, when the Legislature itself creates a district, of course it cannot be said that it authorizes any governmental agency to change the boundaries of a district so created, and neither the county board of education nor any other agency would have authority to change the boundaries of a school district created by the Legislature, unless the Legislature expressly authorized such agency to do so."

We have examined the act creating Rural Special School District No. 26, and there is no authority in the act authorizing the county board of education either to change the boundaries of the district or to dissolve the district. It establishes the boundaries of the district, and necessarily took the territory embraced in the district from other districts already created. The sections of the Digest referred to by appellants, authorizing the county board of education to dissolve school districts and attach the territory thereof to adjoining districts, certainly have no application to a school district created by special act of the Legislature subsequent thereto. More-

over, the act creating this school district expressly repeals all laws in conflict therewith.

It necessarily follows, from what we have said, that the circuit court would have been under the duty of refusing to quash the action of the county board of education, even though it had issued the writ, and its action in refusing to issue the writ, under these circumstances, was correct, and it is therefore affirmed.