STATEMENT OF FACTS.
Carter Special School District of Cleveland County, Arkansas, brought this suit in equity against Hollis Special School District of Cleveland County, Arkansas, and the members of the county board of education in said county, to enjoin said board from apportioning the funds *Page 782 
voted and collected for Carter Special School District to Hollis Special School District or any other school district in said county. The complaint also prays that a master be appointed to take proof and ascertain the amount due by Hollis Special School District to Carter Special School District and order the amount so found to be paid into the county treasury of Cleveland County for the use and benefit of Carter Special School District.
The record shows that on March 26, 1915, an act of the Legislature was approved organizing certain territory in Cleveland County, Arkansas, into a special school district, to be known as Hollis Special School District. Acts of 1915, page 964. On March 30, 1915, an act of the Legislature was approved organizing certain territory in Cleveland County, Arkansas, into a special school district to be known as Hollis Special School District of 1915, page 1280. On the 6th day of September, 1915, the county court of Cleveland County, Arkansas, made an order annexing to Hollis Special School District three sections of land situated in Carter Special School District, and Carter Special School District was dissolved and the balance of the territory thereof annexed to the common school district from which it had been taken by the Legislature in forming Carter Special School District.
An appeal was taken to the circuit court, and the order and judgment of the county court was there affirmed. The chancellor, under the pleadings and proof in the case at bar, found the facts as stated above and entered of record a decree sustaining a demurrer of the defendants to the complaint of the plaintiff on the ground that plaintiff did not have legal capacity to maintain the action. To reverse that decree the plaintiff has duly prosecuted an appeal to this court.
(after stating the facts). The decree of the chancery court was erroneous. It appears from the record that Carter Special School District was organized *Page 783 
by a special act of the Legislature in 1915, and the county board of education could not thereafter abolish said special school district and add a part thereof to Hollis Special School District and the remaining part of its territory to the common school district from which the same had been taken.
It is the settled law of this State that, when the Legislature itself creates a special school district, neither the county board of education nor any other governmental agency has the power to change the boundaries thereof, without express authority of the Legislature so to do. School Dist. No. 25 v. Pyatt Special School Dist., 172 Ark. 602,289 S.W. 778; Park v. Rural Special School Dist. No. 26, ante p. 514; and Helvering v. McDougal, 119 Ark. 162,177 S.W. 937.
It follows that the order of the county court dissolving Carter Special School District and including a part of its territory within Hollis Special School District was void. In so far as it affected the territory of the plaintiff, it was a void order which the county court had no power to make, and consequently no validity could be given to the order by appeal to the circuit court. The circuit court could acquire no greater jurisdiction upon appeal than that possessed by the county court. In the very nature of things, if the county court had no jurisdiction the circuit court could acquire none upon appeal.
But it is insisted that the judgment of the county court cannot be attacked at this late date. We do not agree with counsel in this contention. If the order was void, and not merely voidable, no validity could be given to it by waiting from 1915 until June, 1925, when the present suit was instituted. No special circumstances are disclosed by the record why this delay could create any estoppel. As said in Cotter Special School District No. 60 v. School District No. 53, 111 Ark. 79, 162 S.W. 59, certiorari will issue at the instance of the directors of a dismembered school district to quash a void order of the county court affecting the same, when there are no *Page 784 
special circumstances barring the action by laches or estoppel. In discussing the question, the court said:
"The directors of the special school district could not, by consent, deprive the people of the district, whom they represent, of their rights by consenting to an illegal and void order dismembering the territory of the district. And it was their duty, as soon as they discovered their mistake, to seek to have the same corrected, and it cannot be said that either the directors or the people, by long acquiescence in the conditions created by the void order, have estopped themselves from seeking to have the same quashed."
In the case at bar no special circumstances are presented which might operate as an estoppel or as a bar by laches, even if it could be said that lapse of time, under special circumstances, might bar the plaintiff from maintaining its action against the defendant.
Plaintiff also asks for a master to be appointed to state an account between Carter Special School District and Hollis Special School District as to the funds heretofore received by the latter district which should have been apportioned to the former. In this contention counsel for the plaintiff is wrong. In Lepanto Special School District v. Marked Tree Special School District, ante p. 82, it was held that school taxes collected under a regular assessment and levy and erroneously distributed to and consumed in educational purposes by a district to which they did not belong, cannot be recovered by the district which was rightfully entitled thereto. In such a case the district erroneously deprived of its revenue should proceed by injunction to prevent the wrongful assessment and apportionment of the taxes, or should bring a suit for the recovery thereof before such funds have been expended for educational purposes by the district erroneously receiving them.
The result of our views is that the decree will be reversed and the cause remanded for further proceedings in accordance with this opinion and with the general principles of equity. *Page 785