The Honorable John H. Dawson State Representative P.O. Box 336 Camden, Arkansas 71701
Dear Representative Dawson:
This is in response to your request for an opinion on three questions concerning the enrollment, by one school district, of an expelled student of another district. Specifically, your three questions are as follows:
 1. If a student is expelled from a school in his resident district for a specified length of time, may another district legally enroll that student without a bona fide move into the district or a legal transfer? If so, under what circumstances may the student be enrolled?
 2. If a district knowingly enrolls an expelled student from another district, is the enrolling district subject to the liability imposed by A.C.A. § 6-18-205?
 3. If a student suspended or expelled from another school district for a specified length of time moves into a district, may that district deny admission until the time of suspension or expulsion is satisfied?
It is my opinion that the answer to your first question is "no," not without incurring financial liability. The answer to your second question is "yes," assuming the student is not a resident of the district or been legally transferred into it. And it is my opinion that the answer to your third question is "no."
With regard to your first question, the Arkansas Code provides for the enrollment of students where: 1) the student's parents, legal guardians, or other person having control of the student reside in the district, or the student has established a residence separate and apart from his parents in the district, or 2) the student has been "legally transferred" to the district.See A.C.A. § 6-18-202(a) and (b) (Cum. Supp. 1991). Districts admitting, for ten days or more, students who do not meet these qualifications are liable to the resident district for the amount of state aid the resident district would have received, or $750.00, whichever is greater, if the district knew or should have known that the student was not a resident or legally transferred. A.C.A. §§ 6-18-202(d)(1) (Cum. Supp. 1991) and6-18-205 (b)(1)(A) (Cum. Supp. 1991). The statutes note that such students are attending "illegally." A.C.A. § 6-18-202(d)(2). The penalty for illegal enrollment, however, is the forfeiting of the funds noted above. It appears that there is no legal requirement that the district thereafter refuse to educate the student, although it may be concluded as a practical matter that few districts would choose to do so without the benefit of the forfeited funds.
In response to your first question, therefore, unless the expelled student has met, as a factual matter, the residence requirement, either through the residence of his parents or guardians, etc., or on his own, or has been legally transferred into the district under some provision of law, he may not be enrolled by another district without the district incurring the liability discussed above. Such an enrollment has been termed "illegal," but the only mechanism for enforcing the prohibition against such enrollments is the forfeiture of state aid funds.
In response to your second question, it is my opinion, pursuant to the discussion above, that if a district knew or "should have known" that an expelled student was not a resident and had not been legally transferred into it, it may be liable under A.C.A. §6-18-202(d)(1) or § 6-18-205(b)(1)(A).[1]
In response to your third question, it appears that the decision in Stephens v. Humphrey, 145 Ark. 172, 224 S.W. 442 (1920), renders the answer to this question "no." In Stephens, a student was suspended from school for fighting with another student and threatening a teacher. He was suspended until such time as he agreed to take his punishment. Shortly thereafter, the county court entered an order transferring the student to another school district. The new school district refused to admit the student for the remainder of the term or until he took the punishment imposed by the first district. The court held that the second district had no right to refuse admittance, stating: ". . . neither the teacher, nor the board of the latter district, nor both combined, had authority to prescribe as a condition precedent to his right to enter the school in that district, or to remain therein as a pupil, that he should first atone for past offenses committed against some other district. Ex postfacto rules and laws are contrary to the letter of our constitution as well as the genius of our institutions."145 Ark. at 176-177. The court also cited what is now A.C.A. §6-18-507(a), which gives school boards the authority to suspend persons from school for "gross immorality, refractory conduct, or insubordination," but noted that this language refers to conduct "which exists or occurs while the pupil is a member of the particular school over which the directors have jurisdiction, and not [to] past conduct in violation of the rules of another school over which they have no jurisdiction." 145 Ark. at 177.
It is therefore my opinion that the answer to your third question is "no."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that A.C.A. §§ 6-18-202(d) and6-18-205(b) provide different mechanisms for enforcing the liability imposed. The former requires the action of a court of competent jurisdiction, and a presentation of an order of such court to the Department of Education. The latter merely requires either district to petition the Department of Education. Because you have not posed a specific question as to the method of enforcement, it will not be addressed definitively herein. I will note, however, that the former section, A.C.A. § 6-18-202(d), was enacted later than § 6-18-205(b), and contained a general repealer clause. It thus would control to the extent of any conflict.