This is a suit on the relation of the prosecuting attorney of the Second Judicial District to *Page 83 
recover from Marked Tree Special School District, for the use and benefit of the Lepanto Special School District, $13,862.14 and legal interest thereon, alleged to have been erroneously assessed by the Tax Commission and Assessing Board of the State of Arkansas, for the Marked Tree Special School District against certain railroad, telegraph, and express company property located within the boundaries of said Lepanto Special School District. It was specifically alleged in the complaint that the erroneous assessment began with the year 1913 and continued through the year 1924; that the error was discovered and corrected in the year 1925; that, during the period aforesaid, the erroneous annual assessments were certified to the county clerk, extended on the records to the credit of the Marked Tree Special School District, collected, placed to its credit, received and expended by it for school purposes; that, after the discovery of the error, the Lepanto Special School District made demand upon the Marked Tree Special School District for payment of said taxes so erroneously received by it, which demand of payment was refused.
A demurrer was filed to the complaint upon the alleged grounds that it failed to state sufficient facts to constitute a cause of action, and that, if a cause of action was stated, it was barred by limitations and laches.
The demurrer was sustained, over the objection and exception of appellant, and, upon its refusing to plead further and electing to stand upon its complaint, the court dismissed the action for want of equity, from which is this appeal.
This court is committed to the doctrine that school taxes erroneously levied and distributed, pursuant to the levy, to a school district and consumed in educational purposes, cannot be recovered by the school district rightfully entitled thereto. The district to which the taxes rightfully belonged should have proceeded by injunction or other proper remedy to prevent the wrongful assessment, levy and distribution of taxes, or else have brought *Page 84 
a suit for the recovery of such taxes before they were expended for educational purposes by the district wrongfully receiving them. Mabelvale Special School District v. Halstead Special School District, 169 Ark. 645,276 S.W. 584. The instant case is ruled by the case cited.
Appellant contends, however, that the rule therein announced is in conflict with the last proviso of 3, article 14, of the Constitution of the State. The proviso referred to is as follows:
"Provided, further, that no such tax shall be appropriated to any other purpose nor to any other district than that for which it was levied."
The reason that the rule does not contravene said constitutional proviso is that the taxes were appropriated and expended for the purposes and in the district for which they were levied, although the assessment of the land as being in the Marked Tree District was erroneous.
No error appearing, the decree is affirmed.
KIRBY and MEHAFFY, JJ., dissent.