The complaint in this action is as follows: "That plaintiff is a rural special school district (number 22 of Woodruff County, Ark.), created by a special act of the General Assembly of Arkansas and approved on February 18, 1920. R. H. Curtis, W. J. Pohnka, W. D. Wilson, J. H. Thrasher, M. L. Davis and C. W. Rushings constitute the board of directors. The McCrory Special School District was created by a special act of the General Assembly of the State of Arkansas. At the regular school election held in the year 1925 in District No. 22 a twelve-mill school tax was voted by the legal electors. The tax so voted and levied was collected and paid by the collector to the county treasurer, and was properly credited to plaintiff district. The amount collected and credited to plaintiff district was $1,566.71, and this was to the credit of plaintiff district on the books of the county treasurer on the 21st day of September, 1926. That other funds, in the sum of $478.61, arising from a previous vote and levy, were to the credit of plaintiff on the said 21st day of September, 1926. And there were still other funds to the credit of plaintiff district, in the sum of $1,706.28, from the State apportionment of school taxes. That on the said 21st day of September, 1926, there was credited to plaintiff on the treasurer's books the total sum of $3,773.80, arising from a proper levy and distribution of school funds to plaintiff.
"Plaintiff alleges that on the 21st day of September, 1926, the county board of education of Woodruff County made an order annexing plaintiff to defendant, which was later by the courts declared null and void. The county treasurer, on the 25th day of September, 1926, transferred the funds of plaintiff and credited same to defendant. That defendant expended said funds for school purposes in defendant district, except the item of *Page 197 
$1,446.26, in violation of 3, article 14, of the Constitution of Arkansas.
"Plaintiff alleges that certain electors and taxpayers of plaintiff district filed an injunction suit against the county treasurer to prevent the transfer of the funds, but, next day after the suit was filed, and before notice was served upon him, the said treasurer made the transfer; that, before a new suit could be filed, defendant had drawn warrants in large sums in purchasing school busses and for other purposes for defendant district, thereby placing the funds beyond the reach of the courts. Plaintiff alleges that $3,773.80 of plaintiff's funds have been expended by defendant; that $1,446.26 was expended in plaintiff's district and the balance in the defendant's district. Plaintiff consents that defendant have credit for the sum of $1,446.26 spent in plaintiff district, and alleges that defendant is indebted unto plaintiff in the sum of $2,337.54."
The defendant filed a demurrer to the complaint which is as follows: "That the complaint fails to allege that the funds sought to be recovered are funds now on hand to credit of defendant district, or that said funds have not been expended for school purposes."
The court sustained the demurrer. The plaintiff refused to plead further, whereupon the court entered judgment dismissing the complaint, from which judgment is this appeal.
Amendment No. 11 of the Constitution provides in part as follows:
"The General Assembly may by general law authorize school districts to levy, by vote of the qualified electors of such district, a tax not to exceed eighteen mills on the dollar in any one year for school purposes; provided, further, that no such tax shall be appropriated to any other purpose nor to any other district than that for which it is levied."
It appears from the facts stated in the complaint that on September 21, 1926, the appellant had to its *Page 198 
credit, as shown by the treasurer's books of Woodruff County, the sum of $3,773.80, which sum had been properly levied, collected and distributed to the appellant. On that day the board of education of Woodruff County made an order annexing the appellant to the appellee and directing the treasurer of the county to transfer all the funds of appellant to the appellee, which was done. This judgment of annexation and transfer was absolutely void. See McCrory Special School Dist. v. Curtis,174 Ark. 346, 295 S.W. 971.
Certain electors and taxpayers of the appellant instituted an action in the chancery court to prevent the transfer of its funds to the appellee, but, before service was had upon the treasurer, he had made the transfer, and, before action could be filed against the appellee to prevent the expenditure of the funds, the appellee had placed such funds beyond the reach of the courts. The appellee expended, of the above sum, $1,446.26 in the appellant district, and the remainder, $2,337.54, in the appellee district, and it is this latter sum that the appellant by this action seeks to recover.
Under the facts thus properly pleaded in the complaint, and admitted by the demurrer, judgment should have been entered by the trial court in favor of the plaintiff below, appellant here, against the defendant, appellee here, overruling the demurrer to the complaint.
Appellee seeks to uphold the judgment of the trial court in its favor under authority of Mabelvale Special School District v. Halstead School District, 169 Ark. 645,276 S.W. 584, and Lepanto School District v. Marked Tree School District, 173 Ark. 82, 291 S.W. 1006. In these cases we announced the doctrine that: "School taxes erroneously levied and distributed pursuant to levy to a school district, and consumed in educational purposes by it, cannot thereafter be recovered by the school district rightfully entitled thereto. * * * The reason that the rule does not contravene said constitutional proviso is that the taxes were appropriated and expended for *Page 199 
the purposes and in the district for which they were levied."
We will not encumber the record here by restating the facts upon which the above doctrine was announced. Suffice it to say the facts of those cases differentiate them wholly from the case in hand. In those cases the funds sought to be recovered had not only been expended for school purposes, but they had also been expended in and for the district wherein they were levied. Therefore in those cases the provision of the Constitution above, which requires that no tax levied for school purposes "shall be appropriated to any other purpose nor to any other district than that for which it is levied," was not violated. But here the facts stated in the complaint show that, while the amount sought to be recovered was expended by the appellee for school purposes, such amount was not expended in the district in and for which the tax was levied. Therefore to allow the appellee to retain the funds would be in the teeth of the provision of the Constitution supra, "that no tax levied for school purposes shall be appropriated to any other purpose nor to any other district than that for which it is levied." The sum in controversy was a tax levied by and in and for the appellant district, but which, as we have seen, through the void order of the county court of Woodruff County, was transferred to and expended by and for the appellee district, and not in and for appellant.
Learned counsel for the appellee contends that, if "appellant had brought a proper suit to enjoin the treasurer from paying out the funds which had been transferred to McCrory Special School District, relief might have been granted." A complete answer to this contention is that the appellee admits that an injunction suit was instituted by the appellant against the county treasurer to prevent the transfer of the funds under the void order of the board of education, but, the next day after suit was filed and before notice was served upon him, the treasurer made the transfer, and that, before *Page 200 
a new suit could be filed against the appellee, it had placed the funds in controversy "beyond the reach of the courts."
It follows that the judgment of the circuit court must be reversed, and the cause will be remanded with directions to overrule the demurrer. It is so ordered.
HART, C.J., and HUMPHREYS, J., dissenting.