In McCrory Special School District v. Curtis, 174 Ark. 343, 295 S.W. 971, this court held that the county board of education was without jurisdiction to annex territory within a rural special school district, created by special act of the Legislature, to another special school district, and that its order of annexation could be quashed upon certiorari, the order being void, notwithstanding the parties could have appealed from it.
In Rural Special School District No. 22 v. McCrory Special School District, 179 Ark. 195, 14 S.W.2d 1110, *Page 346 
in a suit to recover the funds transferred from the special school district attempted to be annexed to the McCrory Special School District, this court held, on appeal from the judgment of the lower court, that the rural special school district attempted to be annexed to the McCrory Special School District had a cause of action against the last-named district to recover all funds transferred to its credit and not expended in or for the benefit of the rural special school district, and that the court erred in sustaining the demurrer to the complaint therefor and dismissing the cause of action. Upon remand of the cause for a new trial and new hearing, judgment was rendered against the McCrory Special School District for most of the funds so transferred by the treasurer from the rural special school district's account, and from this judgment the appeal is prosecuted.
It appears that, upon the order of annexation made by the county board of education on September 21, 1926, the funds of district No. 22, in the sum of $3,773.80, were ordered transferred to the appellant district. On September 24, 1926, the directors of district No. 22 filed a petition in the chancery court for an injunction to restrain the county treasurer from transferring the funds, and that the funds were transferred by the treasurer on the 25th day of September, 1926, before the service of summons in the injunction suit was had upon him, and the suit was dismissed. No other suit was filed or attempt made against the treasurer or the McCrory Special School District to prevent the expenditure of any of the transferred funds by appellant district until after all the funds had been expended, when this suit was brought for their recovery. Upon remand of the cause the demurrer was overruled, and upon the hearing the court instructed the jury to return a verdict for $2,327.54, the appellee district conceding in its complaint that the sum of $1,701.81 of its funds wrongfully transferred to appellant district had been expended for the schools in the territory of *Page 347 
district No. 22, and from this judgment this appeal is prosecuted.
It is conceded that the amount of $3,773.80, funds of appellee district, was transferred to appellant district upon the order of the county board of education when the consolidation was made, and appellant in its answer contended that the whole amount was expended for school purposes, and considerable more for the benefit of the children of school age in appellee district No. 22. That district had employed a teacher at a salary of $100 per month for nine months. Appellant district maintained schools at Beard schoolhouse, in the territory of appellee district, at a cost of $640; at Chapel Grove, in said district, at a cost of $474.50, and at Possum Creek, in said territory, at a cost of $310. It purchased for the purpose of transporting the children in appellee district, 50 in number, to school in appellant district two busses at a cost of $1,447.55, and paid the drivers of same $441.86. $147.76 was expended for miscellaneous expenses. It claimed an error in the transfer of funds repaid of $2,388, and a total amount of expenses for school purposes in appellee district of $4,711.55. Because of the transfer of the children from the schools in the territory of district No. 22 to the schools in McCrory, it became necessary to employ another teacher, and Miss Wilson, who had already been employed to teach school in district No. 22, was used, although all the pupils transferred were not taught by her, the others being in their respective grades under different teachers.
Appellant insists that the court erred in not directing a verdict in its favor upon the undisputed testimony, and in rendering judgment against it for any amount, and this contention must be sustained. Although it appears from the record that the petition for annexation of the territory of district No. 22 was signed by four of the six directors of the district and some 80 to 85 per cent. of the patrons of the district, the order of annexation was void, and the amount of funds of the district wrongfully *Page 348 
transferred to appellant district. The undisputed testimony shows, however, that the entire amount of funds so transferred was expended for school purposes, maintaining Schools at three of the school houses in the territory of district No. 22, and for transportation of, and teachers for, the other pupils who attended school in town. Of course, it would not have been necessary to provide the busses and operate them in transporting the children of school age from the old territory of district No. 22 to the schools in McCrory, if the wrongful annexation of the territory had not been made; but their addition to the McCrory schools necessitated the employment of another teacher, and appellant district used for this purpose a teacher who had already been regularly employed by the directors of school district No. 22 to teach in the schools there. Schools were maintained by appellant district at three of the schoolhouses in the old district as usual except for slightly longer terms at the expense of appellant district. Appellee concedes that appellant district is entitled to a credit of $1,701.81 against the amount of funds sought to be recovered, $3,773.80, leaving a balance of $2,071.99; but the court instructed a verdict in the sum of $2,327.54, an amount in excess of what could be recovered after the credit given of $255, and directed that it draw interest from September, 1926, instead of from August 2, 1926, when a demand was made therefor; this, notwithstanding the undisputed testimony, showed that there had been expended by appellant district for education purposes in the schools of district No. 22, and in transporting the children therefrom and teaching them in the schools of McCrory, $863.87 in excess of the total amount of funds which had been transferred from appellee district to appellant district upon the order of the county board of education in annexing the territory thereto and consolidating the districts. This money was expended for school purposes in the district and for education of the pupils of the district for which the taxes constituting the which were levied and appropriated, and *Page 349 
could not therefore be recovered from appellant district. Mabelvale Special School District v. Halstead School District, 169 Ark. 645, 276 S.W. 584; Lepanto School Dist. v. Marked Tree School Dist., 173 Ark. 82, 291 S.W. 1066.
It is undisputed, that while the funds in controversy were transferred to appellant district on the 21st day of September, 1926, none of it was spent until from and after the middle of October, 1926, to June, 1927, and that appellee made no effort after the transfer was made to prevent the expenditure of the money, but waited and brought suit for its recovery after it all had been expended for school purposes within the territory of its district or for the pupils resident there; and appellant was entitled to have its instruction No. 1 given to the jury, and, the evidence being undisputed, to an instructed verdict in its favor. The case thus made as stated was altogether different from the case on appeal on demurrer to the complaint. In Lepanto School Dist. v. Marked Tree School Dist., supra, it was said:
"This court is committed to the doctrine that school taxes erroneously levied and distributed, pursuant to the levy, to a school district and consumed in educational purposes, cannot be recovered by the school district rightfully entitled thereto. The district to which the taxes rightfully belonged should have proceeded by injunction or other proper remedy to prevent the wrongful assessment, levy and distribution of taxes, or else have brought suit for the recovery of such taxes before they were extended for educational purposes by the district wrongfully receiving them. Mabelvale Special School Dist. v. Halstead Special School Dist., 169 Ark. 645," [276 S.W. 584].
It follows, from what we have said, that the court erred in instructing the verdict against appellant district which should have, upon the undisputed testimony, been directed for appellant. The judgment is reversed accordingly, and, the suit appearing to have been fully developed, the cause will be dismissed. It is so ordered. *Page 350