MANLEY *v.* MOON.

Opinion delivered May 14, 1928.

*James M. Shinn,* for appellant.

*Woods & Greenhaw,* for appellee.

MEHAFFY, J.   Appellants filed a petition with the county board of education, Boone County, Arkansas, asking that a school district be created out of the territory described in the petition.   The creation of the districts as described in the petition would, in effect, consolidate District No. 30 and District No. 46.   Residents of District No. 46 filed a protest, objecting to the creation of the district as requested, insisting that the board of education had no authority to consolidate school districts under the provisions of act No. 156 of the Acts of the General Assembly of 1927, authorizing the board of education to

form new school districts and to change the boundary lines between any school districts heretofore formed, etc.

The only question involved in this case is the construction of act 156. That act provides that:

"Upon a petition being filed with the county board of education, signed by a majority of the qualified electors in the territory to be affected, said county board of education of any county within the State of Arkansas shall have the right to form new school districts and to change the boundary lines between any school district heretofore formed where, in the judgment of such board of education, it would be for the best interest of all parties affected; provided, however, that no change shall be made that would impair any outstanding indebtedness of any school district now formed."

Section 2 provides: "This act shall not repeal or affect act 274 of the Acts of the General Assembly of 1915. And is cumulative to all other laws and parts of laws defining the powers and prescribing the duties of county boards of education and of school districts, boards or directors thereof, and all other officers and persons mentioned in this act; and, except in cases of irreconcilable conflict herewith, it shall not be so construed as to repeal any other law or part of a law," etc.

It is earnestly insisted that two school districts cannot be consolidated under this act of 1927. And numerous cases have been cited and are relied on to support the contention of appellee. These cases, however, were all decided on questions that arose prior to the passage of this act, and we do not think they are applicable here.

In the case of *School District No. 25* v. *Pyatt Sp. Sch. Dist.*, 172 Ark. 602, 289 S. W. 778, the court said that, where a special act of the Legislature created a certain school district, the county board could not change it. We said that, however, because we construed the law, as it then existed, as not giving the county board of education the authority to change a district created by the Legislature. But we further said with reference to school districts in that case: "The legislative power in

these respects is full and complete, and is conferred by the provisions of the Constitution.'' We also said in that case: ''The Legislature has full power, it may organize a district itself, and may do so without the consent of the inhabitants of the district, or it may authorize the county court or board of education or other governmental agency to form districts and change boundary lines.''

We also said, in the case of *McCrory Spec. School Dist.* v. *Curtis,* 174 Ark. 343, 295 S. W. 971, that the county board of education has no jurisdiction to annex territory already comprised in a special rural district created by special act. We also said, in the case of *Carter Special School Dist.* v. *Hollis Special School Dist.,* 173 Ark. 781, 293 S. W. 722, that the county board of education had no right to dissolve a district created by the Legislature. And in the case of *Park* v. *Rural Special School Dist. 26,* 173 Ark. 514, 292 S. W. 697, that the county board of education had no authority to change the boundaries of rural special school districts. But we again announced the rule that the Legislature had full power and might organize the district or authorize any governmental agency to organize it, and that it could do this without the consent of the inhabitants.

After these cases had been decided, the Legislature passed act 156 in 1927. It was evidently the intention of the Legislature and the Department of Education to establish a system of schools in obedience to the mandate of the Constitution.

Section 1 of article 14 provides that the State shall ever maintain a general and suitable and efficient system of free schools. This is evidently what the Department of Education and the Legislature are endeavoring to do.

Section 4 of article 14, the article on education, is as follows: ''The supervision of public schools and the execution of laws regulating the same shall be vested in and confined to such officers as may be provided for by the General Assembly.''

The makers of the Constitution had in mind that the system of free schools provided for would require the

vesting in and confining to certain officers authority and power to make the system what the framers of the Constitution intended that it should be. And in carrying out this system, after this court decided the cases to which attention has been called, the Legislature passed act 156 in 1927. And that act, as we have already said, provides that the board of education shall have the right to form new school districts and to change the boundary lines between any school districts in any county in the State of Arkansas.

The decision in this case depends upon the meaning of act 156. It gives the board of education authority to change the boundary lines of any district, and we think it necessarily leaves to the board of education the manner in which it will do this. That is to say, whether it will do it by consolidating districts or otherwise. "Any school district" is sufficiently broad and comprehensive to include any school district and every school district in the State. It might as well be said that any county did not mean all the counties, but meant those that had a certain population, as to say that any school district did not mean all the school districts in the county.

"Certainly the words 'any contract' are sufficiently comprehensive to include special contracts as well as contracts which arise by implication, unless the material-man is secured by a deed of trust or mortgage or in some other form of security repugnant to the theory that he ever intended to hold a lien under the mechanics' lien law." *McMurray* v. *Brown,* 91 U. S. 257, 23 L. ed. 321.

This court, in construing a statute providing for sale of the 16th section, said:

"This contention is based upon that section of the act of 1881 which provides that, if 'any tract (school land) was offered and not sold, it might be offered again, upon like notice, upon the first day of the next or any succeeding term of the county court, and so on offered until sold, without a new petition.' He insists that the words 'the next or any succeeding term of the county court, and so on offered,' should be construed to mean that the

land should be offered at each succeeding term of the county court until sold. We do not think so. It should be construed in that way if the language had been 'if any tract was offered and not sold, it might be offered again, upon like notice, upon the first day of the next and every succeeding term of the county court, and so on offered until sold, without a new petition.' But 'or' does not mean 'and,' but 'either' and 'any' does not mean 'every,' but 'one indifferently.' We think that the act of 1881 authorizes the sale of any tract, if it was not sold at the time it was first offered, on the first day of any succeeding term of the county court." *Brown* v. *Rushing,* 70 Ark. 111, 66 S. W. 442.

An important rule in the construction of statutes or the interpretation of statutes is to ascertain the meaning or intention of the Legislature. And if this intention can be had from the words used, then we construe it according to the words used by the Legislature. And when the Legislature said 'any district in any county in the State,' it meant all the districts, just as when it said 'any county,' it meant all the counties in the State of Arkansas.

It is insisted that a consolidation of the districts cannot be had under this act because there is another act providing for consolidation. But this act expressly provides that it is cumulative and that it does not repeal any act that is not in irreconcilable conflict. We do not think the act providing for consolidation of districts is in irreconcilable conflict with this act, and it is therefore not repealed, but the board of education may proceed under either act.

We all agree that the Legislature had the power under the Constitution to give the board of education the power to change the lines between any and all districts, and the only question here is whether, in act 156, it did that. The Constitution intended that the Legislature should provide for an efficient system of free schools, and this can best be done by and through the boards of education.

It is insisted that this consolidation should not be had, and that it may be impractical because the children residing in District No. 46 could not attend school at Lead Hill on account of the distance that they would have to travel and the fact that said territory is so cut up by streams and mountains that they could not be transported to said school by cars or busses.

It is the province of the board of education to determine all these questions, and none of them were gone into in this case by the circuit court on appeal. The court sustained a demurrer to the petition, and dismissed the petition.

We think the court was in error, and the judgment is therefore reversed, and the cause remanded with directions to overrule the demurrer, and for such further proceedings as are not inconsistent with this opinion.

HART, C. J., and WOOD and KIRBY, JJ., dissent.