School Districts Nos. 14, 15, 44 *v.* County Board of Education.

Opinion delivered June 25, 1928.

*Robert Bailey*, for appellant.

*Ward & Caudle,* for appellee.

Humphreys, J. Eighty-five electors in School Districts Nos. 15 and 44, in Pope County, signed and filed a petition, on the 18th day of June, 1926, with the county board of education, which reads as follows:

"To the county board of education of Pope County, Arkansas: Petition. Being desirous of further benefiting our children in public school advantages, wanting better buildings, better equipment, longer school terms and better prepared teachers; and knowing that these various needs cannot be had except by consolidating and increased financial resources, therefore we, the under-

signed electors residing in School Districts Nos. 15 and 44, hereby petition the county board of education of Pope County, Arkansas, to abolish School Districts Nos. 15 and 44 and consolidate said territory now embraced in the said districts into one consolidated school district, as the law directs. Building for said consolidated district to be located about or near the Judge Bullock Farm, accessible to the pike road, said building to be a modern four-room structure, built on an economic plan.''

Notice was given, in accordance with the law, that the petition would be presented to the county board of education for action on the 23d day of July, 1927. In the interim a petition remonstrating against the consolidation of the two districts was signed by thirty-three electors in District No. 44, and same was filed with the county board of education and presented, along with the original petition, on the date fixed for the consideration of same in the notice. On the hearing it was shown and found by the board of education that the majority of electors residing in the two districts to be affected had signed the original petition, and, based upon such finding, made an order attaching the territory of District No. 44 to District 15 and designated the consolidated district No. 15 of Pope County; and also found and ordered that it was for the best interest of the pupils residing in sections 32, 33 and west half and the northwest quarter of the southeast quarter of section 34, all in township 8 north, range 20 west, to be detached from Consolidated District No. 15 and attached to and made a part of Russellville Special School District No. 14. An appeal was taken from the order to the circuit court, where, on trial *de novo,* a judgment was rendered consolidating Districts Nos. 15 and 44 and detaching from Consolidated District No. 15 the particular territory detached therefrom by the board of education, and attaching same to Russellville Special School District No. 14, from which is this appeal.

Appellant contends for a reversal of the judgment on two grounds; the first being that act No. 156 of the

Acts of the General Assembly of 1927, under which the petition was filed, required a majority of the electors in each district affected to sign the petition before the districts could be consolidated; and the second being that the board and circuit court were without authority under said act to detach territory from the districts affected and attach same to a district not embraced in the petition.

Said statute under which the proceeding was instituted was recently interpreted by this court in the case of *Manley* v. *Moon, ante* p. 260, to mean that a majority of the electors in the districts to be affected, and not a majority of the electors in each district to be affected, was necessary in order to warrant the consolidation of the districts embraced in a petition. The trial court correctly construed the statute to mean that a majority of the electors in the districts embraced in the petition were necessary to obtain an order consolidating same, but, in applying the statute as construed, erred in detaching certain territory from the consolidated district and attaching same to a district which was not embraced in the petition. Russellville Special School District No. 14 was not embraced in the petition and its territory was not in any wise affected by the petition to consolidate Districts Nos. 15 and 44, and, upon the petition being presented, neither the board nor the circuit court had authority to detach territory in said Districts 15 and 44 after being consolidated and designated as District No. 15 and to attach same to Russellville Special School District No. 14. The county board of education is authorized by said act to form new school districts and to change the boundary lines between any school districts theretofore formed, when a majority of the qualified electors in the territory to be affected sign and present a petition to the board for that purpose. In the petition presented to the board in the instant case the only territory described was that embraced in Districts Nos. 15 and 44. Neither Russellville Special School District No. 14 nor any territory embraced therein was mentioned in the petition, and therefore it was beyond

the jurisdiction of the board or court, under the petition presented, to detach territory in the districts mentioned and attach same to Russellville Special School District No. 14. It may be that neither the board of education nor the circuit court would have consolidated Districts Nos. 15 and 44 without detaching a part of the territory and attaching same to Russellville Special School District No. 14. Only one judgment was rendered. It cannot be said that one judgment was rendered on the petition and another rendered without authority. The whole judgment must be treated as one, and is erroneous for the reasons given above.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial on the petition presented.

Mr. Justice KIRBY dissents.