(1) SPECIAL SCHOOL DISTRICT No. 60 v. SPECIAL SCHOOL DISTRICT No. 2 (No. 1483).

(2) ELKINS v. UNION CONSOLIDATED SCHOOL DISTRICT (No. 1558).

Opinion delivered March 10, 1930.

*J. O. A. Bush* and *Dexter Bush,* for appellant.

*George M. Booth,* for appellant.

*Tom W. Campbell* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

HART, C. J. These two cases were consolidated for hearing on appeal because the issues of law are the same. In case No. 1483 a patron of one of the school districts seeks to reverse a judgment of the circuit court affirming an order of the county board of education consolidating two school districts in Nevada County, Arkansas. In case No. 1558, a patron of one of the school districts seeks to reverse a judgment of the circuit court affirming an order of the county board of education con-

solidating four school districts in Randolph County, Arkansas.

The correctness of the judgment of the circuit court in each case depends upon the construction to be placed upon Act 156 of the Acts of 1927, authorizing the county board of education to consolidate school districts. The first two sections of the act reads as follows:

"Section 1. That § 8823 of Crawford & Moses' Digest of the Statutes of the State of Arkansas be amended to read as follows:

"Section 8823. Upon a petition being filed with the county board of education signed by a majority of the qualified electors in the territory to be affected, said county board of education of any county within the State of Arkansas shall have the right to form new school districts and to change the boundary lines between any school district heretofore formed where, in the judgment of such board of education, it would be for the best interest of all parties affected, provided, however, that no change shall be made that would impair any outstanding indebtedness of any school district now formed.

"Section 2. This act shall not repeal or affect Act 247 of the Acts of the General Assembly of 1915. And is cumulative to all other laws and parts of laws defining the powers and prescribing the duties of county boards of education and of school districts, boards of directors thereof, and all other officers and persons mentioned in this act; and, except in cases of irreconcilable conflict herewith, it shall not be so construed as to repeal any other law or part of a law; and any and all acts and proceedings heretofore done and had by county boards of education are hereby ratified and declared valid."

Section 3 provides that all laws and parts of laws in conflict with it are repealed.

The act was approved March 18, 1927. See Acts of 1927, p. 549.

At the outset, it may be said that it is the settled rule in this State that the statute creating the county

board of education substituted the board for the county court, and only transferred the power to the board without repealing or in any way affecting the statutory procedure with respect to matters theretofore within the power of the county court with regard to the formation, changes, and the regulation of school districts. *Mitchell* v. *School District No. 13,* 153 Ark. 50, 239 S. W. 371; *Acree* v. *Patterson,* 153 Ark. 188, 240 S. W. 33; and *Manley* v. *Moon,* 177 Ark. 260, 6 S. W. (2d) 281; *Swift* v. *Common School District No. 8,* 163 Ark. 150, 259 S. W. 375.

It is earnestly insisted, however, that the act is a local or special act, and is therefore unconstitutional under the principles of law declared in *Webb* v. *Adams,* 180 Ark. 713, 23 S. W. (2d) 617. This contention is based upon the first clause of the second section of the act which provides that it shall not repeal or affect act 247 of the Acts of 1915. This latter act by its terms organizes and provides for the operation of a special school district in Lonoke County. We do not agree with contention of counsel. In the case cited, two counties were expressly excepted or exempted from the provisions of the act in the enacting clause of it. The Legislature, by so doing, exempted these two counties from the provisions of the act; and they could never by any act of their own take advantage of its provisions. The clause exempting them from the terms of the act was so interwoven with the remainder of the enacting clause as to become and constitute a part of the act itself. Hence we held that the act under consideration in that case was a local or special act and in violation of amendment No. 17 of our Constitution, prohibiting the passage of local or special acts.

In the case now under consideration, no exemption or exception of any part of the territory of the State is made in the enacting clause of the statute. Indeed, there is no exemption of territory from the provisions of the act in the second section. All parts of the State fall

within the provisions of the act and may take advantage of its provisions. The act is framed in general terms, and is not restricted in locality, but operates equally and uniformly throughout the State. The second section only provides that an act of the Legislature of 1915 creating a special school district was not repealed. This simply left the special act in force. It is one thing for the Legislature to say that a part of the territory of the State is expressly exempted from the provisions of an act, and quite a different thing to say that a special act, passed at a time when it was lawful to do so, was not repealed. We are of the opinion that the act under consideration is a general and not a local or special act, because the act applies to and affects alike all persons and things of the same class and condition who elect to bring themselves by proper procedure within the terms of the act.

It is next insisted that the act is invalid because no method has been provided for the appointment of directors after the consolidated school district is formed by the county board of education under the provisions of the act. Our Constitution makes it the duty of the Legislature to provide by general laws for the support of common schools by taxes. Article 14, § 3, of the Constitution. This court has always recognized that the Legislature has full and complete power in the matter except as restricted by the Constitution. No useful purpose could be served by reviewing the numerous and changing laws of the State upon the subject of public schools, their management, the means of selecting their boards of directors, and the various modes of creating and changing school districts and apportioning territory and pupils among them. Our Legislature acts for itself, having in view the changing standards of education and the means of providing for the comfort and health of the pupils. All of the various acts relating to these matters must stand unless they are expressly repealed or are plainly repugnant to the provisions of a later act.

Tested by this rule, we do not think that the act under consideration must fail because there is no express provision in it for the appointment of directors when two or more districts are first consolidated. In such cases the provisions of § 8847 of the Digest would apply, and between the date of consolidation and the first annual election thereafter the consolidated school district would be governed by a board of directors composed of all of the directors of the several school districts entering into the consolidation. After the first annual election, the consolidated school district shall be governed by a board of six directors to be elected in the manner provided for in § 8953 of the Digest by the qualified voters of the consolidated district.

It is next insisted that in case No. 1558, the judgment must be reversed because under the order of the board of education whereby common school districts No. 49, 61 and 83, and Rural Special School District No. 5 were consolidated, it was ordered that the consolidated school district should assume and pay the bonds of Rural Special School District No. 5 as they mature. The order also recites that Rural Special School District No. 5 is indebted in the sum of $6,500 on some bonds issued by it payable $500 annually from January 1, 1930. The order recites that the owner of the bonds is willing to surrender them and accept the principal and interest thereon as of this date. The order further recites that there is enough money on hand belonging to Rural Special School District No. 5 to pay all of said bonds and the interest thereon.

This court has held that the power of the Legislature in enacting laws for the formation or dissolution of school districts is plenary, provided the obligations of their contracts are not impaired. *Special School District No. 33* v. *Howard,* 124 Ark. 475, 187 S. W. 444; *Krause* v. *Thompson,* 138 Ark. 571, 211 S. W. 925: and *Chicago Title & Trust Co.* v. *Hagler Special School District,* 178 Ark. 443, 12 S. W. (2d) 881.

There would seem to be no violation of any principle of law in the order made by the board. The act itself provides that no change shall be made that would impair any outstanding indebtedness of any school district now formed. No effort was made to impair the outstanding indebtedness of any of these districts. On the other hand, the board expressly intends to take care of the indebtedness of one of the districts of the consolidated district. An agreement to that effect has been made with the holder of the indebtedness. The board in its discretion might provide for the present payment of the indebtedness out of the funds on hand belonging to the district which was indebted, or it might have made the consolidated district liable for the indebtedness of one of the districts which had become a component part thereof.

In case No. 1483, it is sought to reverse the judgment because several signers of the petition for consolidation had asked to have their names withdrawn from the petition after it had been filed. On this question but little need be said. We are of the opinion that the circuit court was right in holding that no good or sufficient reason was given by the petitioners for withdrawing their names. The only excuse they gave was that they would not have signed the petition if they had thought that a majority of the patrons of the school did not want consolidation. That was a matter left to their own judgment and discretion, and to ascertain what the majority wanted was the object of preparing the petitions and submitting them to the county board of education.

In conclusion it may be said that the validity of act No. 156 now under consideration has been upheld in previous decisions of this court, and some of its provisions construed. *Manley* v. *Moon*, 177 Ark. 260, 6 S. W. (2d) 281: *School District No. 14* v. *County Board of Education*, 177 Ark. 734, 7 S. W. (2d) 798; and *Consolidated School District No. 2* v. *Special School District No. 19*, 179 Ark. 822, 18 S. W. (2d) 349.

260

We find no reversible error in the record, and the judgment in each case will be affirmed.