CAMP v. BARR.

Opinion delivered June 2, 1930.

*Alonzo D. Camp* and *O. A. Graves* and *E. F. Mc-Faddin,* for appellants.

*L. F. Monroe,* for appellees.

SMITH, J. In this case three different sets of school directors are assuming to act as directors of Patmos Special School District in Hempstead County, and the purpose of this litigation is to determine which set has lawful authority to act.

Prior to February 12, 1930, there were four school districts in the southern part of Hempstead County, known as Patmos Special School District, Rural Special School District No. 3, Rural Special School District No. 8, and Rural Special School District No. 15. On February 12, 1930, the county board of education of that county, acting upon the petitions of a majority of the qualified electors in the territory to be affected, made an order

which combined all these districts under the name of the Patmos Special School District, and the question in the case on this appeal is whether these districts were consolidated, or whether districts numbered 3, 8 and 15 were dissolved and attached to Patmos Special School District.

It appears that the consolidation movement was inaugurated by the directors of districts 3, 8 and 15, but before the petitions for the consolidation were prepared or circulated it was agreed that the Patmos district might also be included, and the following petition was circulated and signed by the required number of electors:

"To the Board of Education of Hempstead County:

"We, the undersigned, a majority of the qualified electors in the territory to be affected, respectfully petition your honorable board to change the boundary lines of Patmos Special School District in Hempstead County, Arkansas, so as to include the territory now in Rural Special School Districts Numbered Three (3), Eight (8) and Fifteen (15) in Hempstead County; and that said territory now incorporated in said Rural Special School Districts Numbered Three (3), Eight (8) and Fifteen (15) be annexed to and made part of the said Patmos Special School District."

Upon this petition the board of education made the following order:

"It is therefore considered, ordered and adjudged by the county board of education of Hempstead County, Arkansas, that the prayer of this petition be, and the same is, hereby granted, and that boundary lines of the said Patmos Special School District be, and the same are hereby so changed and extended as to include the said Rural Special School Districts, Numbers Three, Eight and Fifteen, and that the said Rural Special School Districts be, and the same are hereby dissolved, and all the territory thereof be attached to and made part of Patmos Special School District of Hempstead County, Arkansas; and that all funds belonging to the said Rural Special

School Districts Numbers Three, Eight and Fifteen be transferred to and become the property of the said Patmos Special School District, and that all the property belonging to said Rural Special Districts Numbers Three, Eight and Fifteen become by this order the property of the said Patmos Special School District; and that the said Patmos Special School District assume and pay all indebtedness of said Rural Special School Districts Numbers Three, Eight and Fifteen; and that the directors of the said Rural Special School Districts Numbers Three, Eight and Fifteen transmit without delay all records of said districts to the County Superintendent of Hempstead County, Arkansas, for preservation in his office; and that copies of this finding and order be filed with the county clerk and the county treasurer of Hempstead County, Arkansas.''

At the time this order was made the opinion of this court had not been delivered in the case of *Special School District No. 60* v. *Special School District No. 2, ante* p. 253, and there was uncertainty as to who constituted the board of directors of the new district. There appears to have been an agreement made, after the board of education had entered the order set out above, that four of the directors of the original Patmos district should resign, and the remaining two should select four directors residing in the territory of the other districts. It does not appear that the four directors resigned, as it had been agreed they should do, but their successors were appointed and undertook to qualify by taking the oath of office, and these persons compose a board referred to in the record as the New Patmos Board.

The directors of the old Patmos board took the position that the other districts had been annexed, and that they were the directors of the new board. The directors of the other districts took the position that there had been a consolidation of the districts, and that the directors of all the districts composed the new board of directors for the consolidated district and were entitled to

serve as such until a new board could be elected, and this suit was brought by them to prevent the old and the new Patmos boards from interfering with them.

The chancellor was of the opinion that the case of *Special School District No. 60* v. *Special School District No. 2, ante* p. 253, applied to the facts of this case, and upon the authority of that case held that there had been a consolidation of the four districts, and granted the relief prayed, and both the old and new Patmos boards have appealed.

At the trial from which this appeal comes there was offered in evidence, without objection, a certified copy of the petition upon which the county board of education in Nevada County had made the order involved on the appeal in the case of *Special School District No. 60* v. *Special School District No. 2, supra,* the prayer of which was that "the above described territory, being all the land now included in district No. 1 and district No. 60, which districts and which territory we respectfully ask to be annexed and become a part of said district No. 2 in Nevada County." Upon this petition the county board of education of Nevada made an order granting the prayer of the petition, extending the "boundaries of school district No. 2 to include school districts Nos. 1 and 60."

In the case cited we construed this order as being an order of consolidation, and held, that under § 8847, C. & M. Digest, "the consolidated school district would be governed by a board of directors composed of all of the directors of the several school districts entering into the consolidation" until the next regular school election.

It thus appears that the facts in the two cases are practically identical, and we perceive no reason why we should not hold, with the chancellor, that the instant case is controlled by the former opinion.

It is earnestly insisted that this holding is in conflict with the opinion in the case of *Manley* v. *Moon,* 177 Ark. 260; but we do not think so. The point decided in

that case was that act 156 of the Acts of 1927, page 549, authorizing the county board of education to change the boundaries between any existing school districts, left to the board a discretion in changing the boundaries, whether to do so by consolidation or otherwise.

There was no change of boundaries here except to consolidate four districts into one, and it is immaterial that the consolidated district took the name of one of the districts consolidated. The effect of the order of the board of education was to consolidate the four districts, and, upon this being done, the directors of all the districts became the directors of the consolidated district, with authority to serve until the next school election, when the new board would be elected. This is the effect of the Nevada County case, *supra,* and, as we think it applies here, the decree of the chancery court, which conforms thereto, must be affirmed, and it is so ordered.