FRANKLIN COUNTY BOARD OF EDUCATION *v.* RILEY.

Opinion delivered February 9, 1931.

*Lee G. King* and *A. N. Hill*, for appellant.

*G. C. Carter*, for appellee.

BUTLER, J. There were two petitions presented to the board of education of Franklin County and filed before said board on the same date. One was a petition under act No. 156 of the Acts of 1927, praying for an order consolidating Grand Prairie Special School District No. 29 with Branch Special School District No. 13, and the other for the annexation of said District No. 29 with Charleston Special School District No. 9. There were forty-seven qualified electors in said District No. 29 and the petition for the annexation of said district to the Charleston District bore the signature of twenty-four of these electors. To that petition was attached a written request signed by the board of directors of the Charleston District assenting to the annexation and joining in the request of the petition that the order be made. The other petition for the consolidation of District No. 29 with the

Branch Special School District was signed by a majority of the qualified electors in the territory affected.

On a hearing of the two petitions, the county board denied the petition for the consolidation, and granted that for the annexation of District No. 29 with the Charleston District. From this action by the county board an appeal was prosecuted to the circuit court, which court, upon hearing the case, overruled the order of the county board of education and entered an order consolidating Branch Special School District and District No. 29.

It appears that the judgment of the circuit court was based on the theory that the petition for the annexation was not signed by a majority of the qualified electors because the name of W. E. Flannegin was improperly on the list of petitioners asking for the annexation, and that his name should be stricken therefrom, and that when this was done the petition did not contain a majority of the qualified electors. The appellees here insist that the action of the circuit court in striking from the petition the name of W. E. Flannegin was justified, and that, even though his name had not been striken from the petition, the judgment of the circuit court was correct in overruling the action of the county board of education because the petition for annexation, although containing a majority of the qualified electors of School District No. 29, did not contain a majority of the electors of said District No. 29 and Charleston Special School District, and therefore did not contain a majority of the qualified electors in the territory affected. The latter position taken by the appellees cannot be maintained because the petition for annexation was in compliance with the requirements of § 8949 of Crawford & Moses' Digest, which provides, ''The county board shall annex contiguous territory to single school districts under the provisions of this act when a majority of the legal voters of said territory and the board of directors of said single district shall ask by petition that the same shall be done.''

In this case on the petition for annexation to the Charleston District a majority of the qualified electors in the territory to be annexed was all that was required, because the directors of the district to which it was to be annexed joined in the petition. Act No. 156 of the Acts of 1927 is not in conflict with the foregoing section and was intended to be, and is, cumulative to that section of the Digest. *Manley* v. *Moon,* 177 Ark. 263, 6 S. W. (2d) 281.

W. E. Flannegin signed the petition for the consolidation of District No. 29 with the Branch Special School District, and afterward, and before any petitions were filed with the county board, also signed a petition for the annexation of his district with the Charleston District. He gave as a reason for this action the frequent importunity of those circulating the petition for the consolidation with the Branch Special School District with the statement by them that there would not be any order made annexing District No. 29 to the Charleston District, and he had as well sign for the consolidation with the Branch District; that he preferred to be annexed to the Charleston District, but was induced to believe this could not be done, and therefore signed the petition for the consolidation. However, the question of Flannegin's signing the petition for consolidation with the Branch District was not raised before the county board, so far as we can determine from the record, and not until the case was heard on appeal before the circuit court. Then, too, Flannegin had signed the Charleston petition before either was filed, and thus impliedly revoked his signature to the Branch petition. Under these circumstances the board was justified in counting Flannegin's name on the petition for annexation, and the circuit court erred in striking his name therefrom.

The question presented has no similarity to that considered in the case of *Elkins* v. *Union Consolidated School District,* 181 Ark. 253, 25 S. W. (2d) 443, and what was there said has no application here. As the petition for annexation with the name of W. E. Flannegin thereon

contained a majority of the qualified electors of District No. 29 with the directors of the Charleston District joining in the prayer of the petition, the county board had jurisdiction, and, as there is no showing made of any abuse by the board in the exercise of its discretion, its order must be upheld.

It follows that the judgment of the trial court is reversed, and the cause remanded with directions to affirm the order of the county board of education.