VAN BUREN COUNTY BOARD OF EDUCATION *v.* SUGGS.

Opinion delivered March 30, 1931.

536

*Opie Rogers,* for appellant.
*Garner Fraser,* for appellee.

McHANEY, J. Appellees, residents of Choctaw Special School District, being desirous of transferring certain of their children from said district to Clinton Special School District, both in Van Buren County, filed separate petitions therefor with the county board of education. After considering each of said petitions, the county board denied the same and entered an order to this effect, from which an appeal was taken to the circuit court, where, on a trial *de novo,* all being there consolidated for trial, the petitions were granted and the transfers ordered. The case is here on appeal in the name of the county board of education, although it appears that Choctaw Special School District is the real party in interest.

In the circuit court, appellant moved to dismiss the appeal for want of jurisdiction on the ground that Choctaw Special School District was created by special act 381 of the Acts 1907, p. 961, and that the county board had no jurisdiction to order the transfers by reason of the last proviso in § 3 of act 143, p. 493, Acts of 1927, and that the circuit court acquired none on appeal. The court overruled said motion, and this is assigned as error. The act last referred to confers power on the county board to transfer children from one school district to another, but the proviso referred to is "that

none of the provisions of this act shall apply to school districts created by special act of a previous Legislature." It appears, however, that, in September, October and December, 1929, the county board had dissolved three other school districts in Van Buren County and "added," "annexed," or "attached" their territory to Choctaw Special, acting under authority of act 156 of the Acts of 1927, as construed by this court in *Manley* v. *Moon,* 177 Ark. 260, 6 S. W. (2d) 281. It therefore became a consolidated district, and lost its identity as a legislative district by special act. *Camp* v. *Barr,* 181 Ark. 939, 28 S. W. (2d) 1071; *Special School District No. 60* v. *Special School District No. 2,* 181 Ark. 253, 25 S. W. (2d) 443. And this is true, even though the consolidated district took the name of the former district created by special act. *Camp* v. *Barr, supra.* Upon the consolidations Choctaw Special ceased to be the same district created by the special act and no longer came within the proviso of act 143 of 1927, above referred to. It necessarily follows that the county board had jurisdiction of the subject-matter and the parties, that the circuit court acquired the same jurisdiction on appeal, and that the motion to dismiss was properly overruled.

It is next urged that the court should not have allowed the transfers because of the insufficiency of the evidence. Just what evidence is required to support an order to transfer, act 143 of 1927 does not state. Section 1 provides: "That the county board of education shall have power, upon the petition of any person, residing in any particular district, to transfer the children or wards of such person, for educational purposes, to an adjoining district, or to an adjoining district in an adjoining county; provided that said petitioner shall state under oath that the transfer is for educational purpose alone." The authorization is to transfer "for educational purposes." There may be some doubt as to whether the county board has any discretion in the premises, when the "petitioner shall state, under oath, that the transfer is for educational purposes"—a ques-

tion we do not decide. Petitioners, ten of them in number, all resided in territory which had recently been annexed to Choctaw Special. The distance to either school is about the same, and most of them are conveying their children to school at their own expense. The effect of their testimony is that Clinton is the better school, has better teachers, better roads to it and better finances. We have examined the evidence, and find it substantial in support of the finding of the trial court.

It is finally urged that the circuit court tried the case *de novo,* without any regard for the finding and judgment of the county board, which it was without authority to do. It is difficult to perceive how else the court could have tried it. The law provides for appeals from the orders of the county board to the circuit court, but fails to provide that the circuit court shall try the case on the record made before the county board. Appellant's argument on this point is contrary to our decision in the recent case of *School District No. 26* v. *School District No. 32,* 177 Ark. 497, 6 S. W. (2d) 826, where we said: "It was provided by act 183 of the Acts of the General Assembly of 1925 that a party to the record in a proceeding before any county board of education, who feels aggrieved by any final order or decision of such board, may prosecute an appeal therefrom within thirty days to the circuit court of the district. The argument is made that, because said act fails to expressly provide for trial *de novo* in the circuit court, the Legislature only intended that errors of law or gross abuse of the power by such boards might be corrected on appeal. Had this been the intention of the Legislature, the act would not have provided for a general appeal, but for one limited in scope. No provision is made in the law for making and preserving the record of proceedings before the county boards of education and for transmitting same to the circuit court. Without such a record, it would be impossible for the circuit court to determine whether errors were committed in the proceedings or whether such boards grossly abused the power conferred upon

them. It is quite evident that the Legislature intended to allow any party to the record who felt aggrieved to appeal and try his case upon its merits in the circuit court."

No testimony was heard by the county board in this case and none preserved in the transcript. We therefore hold that the circuit court correctly heard the matter *de novo*.

We find no error, and the judgment is accordingly affirmed.