The Honorable Ted Thomas State Representative 900 South Shackleford Suite 300 Little Rock, Arkansas 72211
Dear Representative Thomas:
This is in response to your request for an opinion on whether Act 1206 of 1995 requires the Arkansas State Employee/Public School Personnel Board to make available all health maintenance organization plans that offer point of service options and desire to participate, whether the act requires the board to choose only one such HMO plan, or whether the act permits the board to do either, at its option.
In my opinion, the board must offer to state employees and public school personnel all HMO plans that offer a point of service option and desire to participate.
Act 1206 of 1995 creates the board to "manage the state employee and public school personnel health insurance and self-funded medical programs." Act 1206 of 1995, § 1(1). The act further provides that the board "shall . . . promote increased access to various plan options and health care models with at least: any health maintenance organization(HMO) that offers a Point of Service option to its enrollees. . . ." Act 1206 of 1995, § 5(2) (emphasis supplied).
The first rule of statutory construction is to construe a statute just as it reads, giving words their ordinary and usually accepted meanings in common usage. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). Unless a different legislative intent is indicated, a court must not resort to a subtle or strained construction for the purpose of restricting or expanding the meaning of a statute. Thompson v. Younts, 282 Ark. 524,669 S.W.2d 471 (1988).
Although the act might have been drafted to express the legislative intent in more unequivocal terms, the legislature's choice of words in section 5(2), particularly the words "shall" and "any," do not, in my opinion, permit any interpretation other than that the board must offer to state employees and public school personnel each HMO plan that offers a point of service option and wishes to participate.
The word "shall," when used in a statute, means that the legislature intended mandatory compliance unless such an interpretation would lead to an absurd result. Campbell v. State, 311 Ark. 641, 846 S.W.2d 639
(1993). It is therefore apparent that the act contains a mandatory, affirmative direction to the board to "promote increased access . . . with at least: any [HMO] that offers a Point of Service option. . . ."
The phrase "with at least" is not as clear as it might be, but I believe the phrase must mean, in essence, "by offering at least." I can discern no other possible meaning of the phrase that makes sense and is consistent with the remainder of section 5(2) of the act.
In Manley v. Moon, 177 Ark. 260, 6 S.W.2d 281 (1928), the court, in interpreting the language of a statute, stated that "`[a]ny school district' is sufficiently broad and comprehensive to include any school district and every school district in the State." Manley, 177 Ark. at 263
(emphasis supplied). The court there also stated that "when the Legislature said `any district in any county in the State,' it meant all the districts, just as when it said `any county,' it meant all the counties in the State of Arkansas." Manley, 177 Ark. at 264. Likewise here, the words "any [HMO]" include, in my opinion, each and every HMO that meets the requirement of the statute and wishes to participate.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh